The actions were continued nisi for advisement; and now the opinion of the Court was delivered, as follows, by
Parsons, C. J.
In these actions the trustee at the first term came into Court and submitted to answer interrogatories. The defendants since have been defaulted, and the question for the consideration of the Court arises on the answer of the trustee. If at the time of serving on Cobb the original writs or either of them, he had not in his hands any goods, effects or credits of the defendants, he must be discharged ; otherwise execution must be awarded against their goods, effects and credits in his hands. [Here his honor recapitulated the facts disclosed in Mr. Cobb’s answer, as above stated, and proceeded.]
* The counsel for Bullard and for Cutter insist that [ * 70 ] Cobb had in his hands effects and credits at the times of the service of their several writs; that his agents, on the 9th of De *60 cember, 1805, the time the bill was payable, by their not protesting it for non-payment, and by taking a new acceptance to pay in twenty days, made him absolutely answerable to the defendants for the amount of the bill on that day.
AVe are not satisfied that the conclusion thus drawn from the facts disclosed is correct. In this transaction Cobb was merely an agent for the defendants, until the money was received. No unfaithfulness or negligence can be charged upon him. The bills had been protested for non-acceptance; and it appears that by taking the enlarged acceptance, the money was finally recovered. But Cobb gave the defendants notice of the enlarged acceptance, who made no objection to it, and appeared satisfied with the conduct of the agent. This fact is conclusive, for it is equivalent to a precedent authority.
We have also considered *his question in another view. From the 10th section of the statute, under which these processes are brought, it appears that a debt due at the time of the service of the writ, but payable afterwards, is considered as effects and credits liable to be attached in the hands of the debtor. If a contract to pay money at a future day, on a contingency, may be considered as effects and credits liable to attachment, and execution may be awarded against them in the hands of the trustee, provided after the attachment the contingency happen, so that the money is in all events to be paid, then Cobb may be considered as trustee from the time he received the bill; for he then promised the defendants to account for the money, if received. But on reflection we are satisfied that a contract to pay money on a contingency is not effects or credits liable to attachment. The debitum in prcesenti, sohendum in futuro, that is liable to attachment, must be an absolute, and not a contingent debt. That this is the meaning of the statute is evident from the 6th section. It is there provided that when a trustee has been examined on oath in the original suit, he shall not be again examined on the scire facias, if on the examination [ *71 ] it appeared that he had effects in his hands; but * judgment on the scire facias shall be rendered on the first examination. Now, a trustee may owe the principal a debt absolutely, and he may also be holden to pay him another sum of money on a contingency, which had not been determined at the time of the examination. Before the scire facias he may be discharged from the contingent debt, the event never happening to make him absolutely liable; and yet judgment in this case on the scire facias must be rendered on the first examination. Therefore, to prevent injury, ,he statute must be so construed as to exclude from the effects and *61 credits made liable to attachment contingent debts, which may never become payable.
It is therefore our opinion that Cobb had in his hands effects and credits of Haley and Emery on the 23d day of January, 1806, when the money was paid, and not before. In the actions sued by Bullard and by Cutter, he must be discharged and have his costs, because their writs were served on him before that day; but in the action sued by Frothingham, he must be adjudged trustee of the defendants (1).

 [Davis & Al. vs. Ham Al. & Trustee, ante, 33.—Willard vs. Sheafe, 4 Mass, 235.—Wood vs. Partridge, 4 Mass. 488.—Thorndike vs. De Wolf 6 Pick. 120.—Revised Laws, ch. 109. § 30.—Ed.]