Parker, C. J.,
delivered the opinion of the Court.
There is no doubt but the judgment, which is averred in the plea in bar, is a sufficient answer to the plaintiff’s demand, as to so much of the rent as the defendant might lawfully have been adjudged trustee of; unless the assignment mentioned in the replication should prevent the operation of that judgment in favor of the defendant. It may be necessary, therefore, to determine whether a sufficient legal assignment is so pleaded in the replication as to avoid the judgment averred in the plea in bar.
The subject matter of the assignment is a covenant to pay rent, which covenant is contained in an indenture of lease of certain tenements, between Wood, the landlord, and Partridge, the tenant. The act of assignment relied on is an endorsement in writing upon the back of that part of the indenture holden by Wood, which writing is signed by him; and in which, for the consideration of 120 dollars, he orders the contents of the lease to be paid to Charles Whitman. This is not sealed, nor does it appear that [ * 491 ] the instrument * was put into the possession of Whitman; although perhaps this may be presumed to have been done.
This cannot be construed to be an assignment of the covenants ; for it is uniformly holden that an assignment of an instrument under seal must be by deed; in other words, that the instrument of transfer must be of as high a nature as the instrument transferred. In the case of Perkins vs. Parker, (1) it was doubted by one of the Court whether even a promise in writing, not under seal, could be assigned, so as to convey an equitable interest to the assignee, without deed, But as the rest of the Court were of opinion that it might, and as many subsequent decisions warrant that opinion, it may be considered as established doctrine, (a)
*441 But no case has yet occurred of an attempt to assign a bond, or covenant, or other contract under seal, by a mere delivery over to the intended assignee, with the name of tire assignor in blank, or with such words of transfer as are usually employed in the assignment of a paroi or written promise.
It is not, however, necessary now to decide upon the validity of such transfers, or whether the transaction between Wood and Whitman did not amount to such an equitable transfer of the money actually due upon the contract as might be protected against an attaching creditor under the trustee process.
It has been repeatedly settled that an assignee of a chose in action, in order to avail himself of his assignment, in case the debtor should be summoned as trustee to the assignor, must notify the debtor, and must exhibit to him the evidence of the assignment; and unless he does this, so that the debtor, when called upon to answer to interrogatories, may be enabled to disclose to the Court the whole matter, that he shall not enforce the demand against the debtor, after a judgment against him as trustee. (2)
It is not necessary that this notice should be given immediately upon the assignment’s taking place; for between the assignor and assignee the contract is complete, without any * notice to the debtor. But if the debtor should pay [ * 492 ] over his debt to the assignor, to any subsequent assignee, or to any creditor, who has obtained judgment against him as trustee, before such notice is given, he will be protected against a second payment to the assignee. (3) But this notice, in order to be effectual against the claim of a creditor of the assignor, who has summoned the debtor as trustee, must, when given, be full, and accompanied with the evidence of the Transfer; or, at least, this evidence must be in the debtor’s possession when he answers interrogatories, in order that the Court may judge whether the assignment is legal and valid or not. (4), (a)
Now, by the facts reported in this case, it does not appear that Partridge was furnished with the means of making such a disclosure to the Court as would enable them to judge whether such assignment had been made or not. Whitman had only informed *442 Partridge that the demand had been assigned to him. This information was indeed given to him in writing, viz., by letter, but it was not accompanied with evidence of the assignment, and it amounted to nothing more than his declaration that the covenant was assigned.
Although Partridge appears to have acted collusively with Williams, the summoning creditor, in declining to inform Whitman that a suit had been actually commenced, as well as in giving him the impression that such a suit was only talked of, while it was actually in progress ; and although he ought, in fairness, to have notified Whitman of the necessity of his being furnished with the means of making a disclosure of the assignment, yet this disingenuous conduct could have no effect upon the question before the Court, which declared him to be trustee; for he had no legal evidence of any assignment. Whether Whitman, if he has suffered, may not maintain an action against Partridge, is not now to be considered.
He was therefore rightly adjudged trustee, upon the partial disclosure he made, of so much of the demand of Wood as was the proper subject of the adjudication of the Court.
[ * 493 ] * But it is very clear that the Court erred in deter-
mining him trustee to the amount and extent fixed upon him by the judgment. The service of the writ upon Partridge could stop nothing more than was due from him at that time. A debt which accrued afterwards was liable to be taken by any other creditor, who should have commenced his suit after the existence of the debt.
A covenant to pay rent quarterly creates no debt or legal demand for the rent until the time stipulated for payment arrives. (a) The rent may never become due. The lessee may quit the premises with the consent of the lessor; or he may assign over his term with such consent, so as to discharge himself from rent; (b) or he may be evicted by a title paramount to that of his lessor; in either of which cases he will be discharged from the operation of his covenants. It is not the case of debitum in prcesenti solvendum in futuro, which is subject to attachment by the statute; but is a contingency, which cannot be attached; as was decided in the cases of Davis & Al. vs. Ham, (5) and Wentworth vs. Whittemore and Trustee. (6), (a) Partridge could not be lawfully adjudged the trustee of Wood, for any rent which had not become due at the *443 time the writ was served upon him; for all beyond that was contingent. At that time there was less than three quarters’ rent due. Indeed, only two quarters’ could have been recovered by virtue of the lease, because he was to pay quarterly. It appears that the first quarter was paid, the payment being endorsed upon the lease. It appears, also, by the answers to the interrogatories, that a certain sum had been advanced by Partridge for repairs, which was deducted from the rent due; so that he was chargeable, upon that process, for no more than--. For that sum, he has a right to be protected by the judgment upon that process, and for no more The residue of the sum for which this action is brought the plaintiff is entitled to recover; and the verdict is to be conformed to this opinion, and judgment is to be entered thereon.

 1 Mass. Rep. 117.

 Cutts vs. Perkins, 12 Mass. Rep. 206. — Willis vs. Twambly, 13 Mass Rep. 204 *441 — Sed vide, contra, Jones vs Witter, 13 Mass. Rep. 304. — Dunn vs. Snell & Al. 15 Mass. Rep. 481. — Mowry vs. Todd, 12 Mass. Rep. 281.— Stone vs. Swifts 4 Pick. 389. — Day vs. Whitney, 1 Pick. 504.

441-11"> 4 Mass. Rep. 450.

 4 Mass. Rep. 508.

 4 Afass. Rep. 450. — 3 .Mass. Rep. 358.

 Perkins vs. Parker, 1 Mass. Rep. 117. — Foster vs. Sinkler and Tr 4 Mass. Rep 450. — Dix & Al. vs. Cobb and Tr. 4 Mass. Rep. 508. — Comstock vs. Farnham and Tr 2 Mass. Rep. 96. — Jones vs. Witter, 13 Mass. Rep. 304.

 Fitzburgh C. M. Corp. vs. Melven & Al. 15 Mass. Rep. 268.

 Randall vs. Rich, post, 494.

 3 Mass. Rep. 33.

 1 Mass. Rep. 671.

 Frothingham vs. Haley and Tr. 3 Mass. Rep. 68. — Willard vs. Sheafe and Tr. 4 Mass. Rep. 235. — Wentworth vs. Whittemore, Mass. Rep. 471. — Thorndike vs. De Wolf 6 Pick. 120.