## STAPLES *vs.* STAPLES & TRUSTEE.

An attorney who has collected debts for his client, is not liable to an action for the money, till it has been demanded of him.

But where an attorney, in the exercise of his profession, has received money in satisfaction of a demand in favor of his client, it may be attached in his hands in a foreign attachment ; though it was received in bank bills ; and though it has not been demanded.

The question in this case was upon the liability of Mr. *Adams,* an attorney and counsellor of this court, as the trustee of *Jacob Staples,* the defendant.    He had prosecuted a suit, and obtained execution, in favor of *Jacob,* against *Jeremiah Staples,* the present plaintiff; who paid the amount to Mr. *Adams,* as the creditor's attorney, and in about ten minutes afterwards  caused him to be summoned in this suit as the trustee of *Jacob.*    The money was paid to him in bank bills, solely in his capacity of attorney in the suit; and no demand of the money had been made  on him by the creditor, previous to the service of this writ.

*Adams, pro se,* resisted the claim of the plaintiff to charge him, 1.  Because he had not in his hands any specific goods of the principal which could. be exposed, and sold in execution ; the debt being paid in bank bills, which are mere *choses in action* ;  *Maine Fire & Marine Ins. Co. v. Weeks* 7 *Mass.* 438.  *Perry v. Coates* 9 *Mass.* 537.    *Clark v. Brown* 14 *Mass.* 271 ;  2. because the defendant had no right of action against him,  no demand of the money having been made, before  the  present process was served.  *Brooks v. Cook* 8 *Mass.* 246.    3 *Mass.* 289.

Mellen C. J. delivered the opinion of the court.

It was decided in *Maine Fire and Marine  Insurance Company v. Weeks & als. & trustees* 7 *Mass.* 438, that promissory notes, and in *Perry v. Coates*  9 *Mass.* 537, that  promissory notes and bank bills, in the hands of the supposed trustee, belonging to the principal debtor,  did not  render the  trustee chargeable under the

statute relating to the subject. But the present case differs from those, inasmuch as Mr. *Adams* states in his disclosure that he, as the attorney of *Staples* the defendant, received of the plaintiff the bank bills in question in full satisfaction of an execution in his hands in favor of the defendant against the plaintiff. Therefore, if the mere possesion of those bills by the trustee, would not render him chargeable as trustee, though belonging to the principal debtor, on the ground that they are not goods and effects, still such receipt of them by the trustee in full satisfaction of the judgment and execution, rendered him the debtor of the defendant *Staples*. The question then is, whether, at the time of the service, he was such a debtor of the principal as to be chargeable in this process. His liability to be so charged is denied on the ground that the money had not been demanded before the service, and that so the principal had at that time, no right of action against him. We admit the principle to be correct, that until after demand made, the attorney in this case was not liable to the action of the principal ; and it appears that no such demand had been made ; but it does not follow, that he was not liable to this process at the suit of the plaintiff under the circumstances disclosed. In *Coburn v. Ansart & trustee* 3 *Mass.* 319, and *Thayer v. Sherman & trustee* 12 *Mass.* 441, it was decided that money collected by an attorney may be attached in his hands by a trustee process ; and it does not appear in either of those cases that any demand had been made of the money collected. It was also decided in *Frothingham v. Haley & al. & trustees* 3 *Mass.* 68. *Davis v. Ham & trustees, Ib.* 33. *Willard v. Sheafe & trustee* 4 *Mass.* 234. *Wood v. Partridge* 11 *Mass.* 488, and *Clark v. Brown & trustee* 14 *Mass.* 271 ; that a debt due *in presenti*, but *solvendum in futuro*, is attachable by this mode of process ; though by several of these cases it was also settled that contingent debts are not so attachable. The case before us differs from that of a sheriff or other officer, who has collected money on execution ; who is not liable to the suit of the judgment creditor, or as his trustee upon this kind of process, until after demand made, or until the officer has been guilty of some official neglect, by which he has deprived himself of his official protection, and the money has ceased to be in the custody

of the law. *Wilde v. Bailey & al.* 2 *Mass.* 289. *Pollard v. Ross & al. & trustees* 5 *Mass.* 319. While the officer lawfully, and consistently with his duty, holds the money collected, it is considered as in the custody of the law, and therefore protected from attachment. So it is protected in several other cases, as in the hands of an administrator ; *Brooks v. Cook & trustee* 8 *Mass.* 246, and in the hands of a public officer. *Barnes v. Treat & trustee* 7 *Mass.* 271.

In addition to what has been stated, we would observe, that no injury can result to the trustee by sustaining this kind of process against him under such circumstances, and calling the money out of his hands ; because he is not liable to any costs of suit. On the facts disclosed, we are all of opinion that the trustee is chargeable.