## SAYWARD vs. DREW & trustee.

Where a son gave bond to his father for the payment of certain sums of money, and the delivery of certain quantities of provisions, at fixed times in each year during his father's life; it was *held* that he could not be charged as trustee of the father for any thing not then actually payable; all future payments being contingent, depending on the life of the obligee.

THE trustee in this case set forth, in his disclosure, a bond given by him, to the defendant, who was his father, conditioned for the payment of money and provisions at stated times, in each year, for his support during life; and declared that at the time of the service of the writ, he had paid all which was then due.

The opinion of the Court upon the question of his liability, was delivered at the ensuing term in *Cumberland*, by

MELLEN C. J.  By the disclosure it appears that the bond therein set forth was given for the support of the alleged trustee's father during his natural life; and that the articles therein mentioned were, by the terms of the bond, to be delivered, and the several sums of money therein expressed, were to be paid to the father, at certain specified

times or periods in each year; and that at the time of the service of the writ, nothing was due to the father; all having been paid that had become due. Whether any further sum of money, or any of the enumerated articles, would ever become due, was wholly contingent; depending on the continuance of the father's life. A contingent debt is not attachable by this process. *Frothingham & al. v. Haley & al. & trustees,* 3 *Mass.* 68; *Davis v. Ham, ib.* 33; *Willard v. Sheaf & trustee,* 4. *Mass.* 235; *Wood v. Patridge,* 11 *Mass.* 488. In this last case it was settled that a covenant to pay rent creates no debt or legal demand for the rent which is liable to be attached by this process, until the time stipulated for payment arrives; for the debt is contingent, and may never become due. A debt must be payable absolutely; if it is, then it may be attached, though *solvendum in futuro*; otherwise not. *Trustee discharged.*