## Jonas A. Hovey *versus* Mary Wait.

In an action by the grantee of land against a judgment creditor of the grantor, who attached and extended his execution on the land, the officer who made such attachment, was not allowed, after the lapse of several years, to amend the date of his return on the writ, so as to give the attachment precedence over the conveyance, the officer not having made minutes of his doings at the time of the attachment.

This was a writ of entry to recover the possession of a tract of land lying in Millbury.

The trial was before *Morton* J.

In the afternoon of December 15, 1828, John Wait, being seised of the demanded premises, conveyed them to Abijah L. Burnap ; and the estate of Burnap passed by several intermediate conveyances to the demandant. The deeds to the demandant were dated March 21, 1831, and March 9, 1832.

The title set up by the tenant was acquired in the following manner. On December 15, 1828, the tenant brought a bill in equity against John W. t, to compel a specific performance of a bond executed by him, and to recover damages for breaches of its condition. The bill was inserted in a writ of attachment returnable to the next succeeding term of this Court, and delivered to Daniel Upham, a deputy sheriff, to be served, with a direction thereon to attach the real estate of John Wait. The return of the officer indorsed on the writ, was dated on December 17, 1828, at half past 11 o'clock, A. M., and set forth that he had attached all the interest of John Wait in the premises. Judgment was recovered upon the bill by the tenant, in April, 1831, and an execution was duly issued and extended upon the demanded premises.

It was proved by the demandant, that the tenant had express notice, on the evening of December 15, 1828, of the conveyance from John Wait to Burnap. The tenant then offered to prove by the testimony of the officer, that the attachment of the real estate was in fact made on the morning of December 15, 1828, when the writ was delivered to him ; that the true date thereof should be the 15th, instead of the 17th of that month ; and that it was originally so written This evidence was rejected.

The tenant then moved that the officer should be allowed to amend his return, so that it should bear date on the 15th instead of the 17th of December, 1828, and offered several affidavits in support of the motion.

By the affidavit of the officer, which was in the case, it appeared, that he kept a register for the purpose of making entries of the time of his attachments ; that by this register the attachment appeared to have been made on the 15th ; that the register was not a record made at the time of making the attachments, but taken from the writs before the return day.

For the purpose of introducing all the facts and of presenting the questions of law raised in the case, the amendment was considered as made.

A nonsuit or default was to be entered, or a new trial to be granted, as, in the opinion of the Court, justice should require.

*Hoar, Washburn* and *Merrick,* for the tenant, to the point, that the return of an officer may be amended by parol evidence, except where he has omitted to make a return in writing, or where the amendment would contradict a fact set forth in the return, or where the officer is a party, *Davis* v. *Maynard,* 9 Mass. R. 243 ; *Wellington* v. *Gale,* 13 Mass. R. 488 ; *Williams* v. *Brackett,* 8 Mass. R. 240 ; *Slayton* v. *Chester,* 4 Mass. R. 478 ; *Bott* v. *Burnell,* 9 Mass. R. 99 ; *Thatcher* v. *Miller,* 11 Mass. R. 414 ; *S. C.* 13 Mass. R. 270 ; *Nye* v. *Drake,* 9 Pick. 36 ; 6 Dane's Abr. 301, 302 ; *Winchell* v. *Stiles,* 15 Mass. R. 232 ; *Welles* v. *Battelle,* 11 Mass. R. 477 ; *Adams* v. *Robinson,* 1 Pick. 461 ; *Thayer* v. *Stearns,* 1 Pick. 112 ; *Emerson* v. *Upton,* 9 Pick. 167 ; *Putnam* v. *Hall,* 3 Pick. 445 ; *Ingersoll* v. *Sawyer,* 2 Pick 276 ; *Waldo* v. *Forbes,* 1 Mass. R. 10.

*Newton, C. Allen* and *Sibley,* for the demandant, cited *Williams* v. *Brackett,* 8 Mass. R. 240 ; *Putnam* v. *Hall,* 3 Pick. 445 ; *Emerson* v. *Upton,* 9 Pick. 167.

PUTNAM J. afterward drew up the opinion of the Court. The demandant claims under a conveyance from John Wait, dated December 15, 1828, to Abijah L. Burnap ; the tenant, under a levy of an execution against John Wait, and an attachment on the original writ, the attachment being dated, as

17 *

returned by the officer, December 17, 1828, at half past 1 o'clock in the forenoon. It was proved that the conveyance was made after noon of the 15th of December, 1828.

The tenant moves, that the officer may be permitted to amend his return according to the alleged truth, so as to state the attachment to have been made on the 15th, instead of the 17th of December, 1828, at half past 11 o'clock in the fore-noon, which would be before the conveyance. And .he question is, whether the amendment shall be made.

In *Williams* v. *Brackett*, 8 Mass. R. 240, the officer was not permitted to explain his return, so as to make it apply to other lands of the debtor, although he was offered as a witness to prove such explanation. The officer's return cannot be amended by parol. *Davis* v. *Maynard*, 9 Mass. R. 242. In the case of *Thatcher* v. *Miller*, 11 Mass. R. 488, the offi-cer was not permitted to amend his return on the original writ six years after it was served, by adding that he left a summons with the debtor. And that was a case between the parties to the original suit ; and the officer made an affidavit of the fact proposed to be added to the return, and no objection was made to the process or the justice of the debt, or of the levy of the execution. The case was sent to the Court of Com mon Pleas, where the record remained, to the end that that court might order the amendment, if they should think proper to do so. But that court refused to permit it. Afterwards the case came on again in this Court, 13 Mass. R. 271, and the plaintiff in error moved for a mandamus to compel the Court of Common Pleas to order the amendment ; which this Court refused, to grant, and observed, that if the precept had issued from this Court, they were inclined to think it would not permit the amendment so long after the transaction.

Judgments may be amended by the judge's notes after a writ of error. 6 Dane's Abr. 302.

And we have no doubt but that amendments may be per-mitted, of the return of an officer, under certain circumstan-ces, where there is something to amend by ; as was done lately in the case of *Haven* v. *Snow*, 14 Pick. 28, from min-utes made at the time upon the writ. It would be analogous to the clerk's making up his records at large from memo randums made on the docket at the time.

This subject was much discussed in *Emerson v. Upton*, 9 Pick. 167, and it was held, that an amendment, made by leave of the Court of Common Pleas, of the officer's return on the writ, cannot affect the right of persons, who were not parties to the suit, acquired before the amendment is made. The Court observed, that " the officer should be bound by the official stamp which he gives to his proceeding ; there is no other guard or check upon him. He should, at least, make a minute of his doings when the act is to have its legal operation, and not, after months have elapsed, be permitted to retrace his steps, and change the whole effect of his proceedings, as apparent by his official return."

In the case at bar, the Court are called upon to permit the amendment, not months but years after the transaction, and after a title has been acquired by a third party who had no connexion with the writ in the original suit. Independently of the time, upon examining all the evidence in the case, it is questionable whether the return is not correct as it now appears.

[The judge here went into an examination of the evidence.]

On the whole, we are very doubtful whether in fact there is any mistake in the return, as it appears upon the writ. There is no original minute of the officer, made at the time, to amend by. The amendment, if permitted, must be allowed upon doubtful inferences from questionable facts. But the party moving for the amendment, should make out the mistake beyond any reasonable doubt. It is the opinion of the whole Court, that the officer should not be permitted to amend his return, and that the judgment should be for the demandant.

*Tenant defaulted.*