### Giles A. Meacham *vs.* Hiram McCorbitt & another, & Trustee.

Underwriters caused A. to be insured on his goods against loss by fire, payable to B to whom the goods were mortgaged by A. : The goods were destroyed by fire, and B. was summoned as trustee of A. before the loss was proved, conformably to the provisions of the policy : B. afterwards received from the underwriters the full amount of the loss, which was more than the amount of the debt for which the goods were mortgaged to him. *Held,* that he was not chargeable as trustee ; his liability to A. being contingent at the time of the service of the trustee process.

It appeared from the answer of John K. Simpson, who was summoned as trustee of the principal defendants, that they procured from the Neptune Insurance Company an insurance on their furniture, payable to said Simpson in case of loss : That the policy was made thus payable, in order that Simpson, in case of loss, might receive the amount of a debt due to him from the assured, which was secured by a mortgage of said furniture : That said furniture was destroyed by fire, on the 25th or 26th of April, 1839, and that the underwriters paid to said Simpson, on the 14th of June following, $2410·11, in full settlement of the loss covered by the policy, being $1492.12 more than was due to said Simpson from the defendants : That said Simpson, on said 14th of June, paid said $1492·12 to F. D. Kidder, on an order of the defendants drawn by them after the service of this process : That said Simpson was summoned as trustee immediately after the aforesaid loss by fire, and before the same had been proved according to the provisions of the policy, and before any claim had been made, on the policy, against the underwriters : That the underwriters disputed said Simpson's claim under the policy, " nor would they pay him, until the claim under the same had been submitted to arbitration."

*Sparhawk,* for the plaintiff.

*A. H. Fiske,* for the trustee.

Shaw, C. J. The liability of Simpson to the principal defendants, at the time of the service of the trustee process, was contingent. He had a right to collect the money due on the policy, which, when collected, and after satisfying his own debt, would be the money of the defendants. Till collected,

he nad no money of the defendants ; and the right to collect it was a chose in action not attachable by the trustee process. *Wood* v. *Partridge,* 11 Mass. 488. We think he stood in no higher responsibility to the defendants, than the assignee of a chose ir action to the assignor, before the debt has been recovered. *Lupton* v. *Cutter,* 8 Pick. 298. *Tucker* v. *Clisby,* 12 Pick. 22. The validity of the attachment must depend upon the facts, as they existed at the time of the service of the trustee process ; the receipt of the money on the policy, afterwards, did not render the respondent liable as trustee.

*Trustee discharged.*