Horkblower, C. J.
The counsel for the defendant contended, that a bond or other specialty could only be assigned by deed so as to pass the legal title, or make it a good and effectual assignment at law. But I do not understand, what is meant by the words, at law, when used in this connection. If, by a legal assignment or an assignment at law is meant, such an assignment, as would at common law enable the assignee to sue upon the instrument in his own name, I am ignorant of any mode by which that can be done. At common law, a bond or other specialty was not assignable in any way, so as to enable the assignee to sue upon it, in his own name; and our statute, giving the assignee a right to do so, does not prescribe any form or mode of assignment.
Some confusion has resulted from the use of the terms, legal and equitable assignments ; or assignments at law and in equity. But these expressions have no reference to the form or mode of making the assignments, whether by deed or parol; but merely to the remedy, or manner of enforcing the rights of an assignee. No form of assignment, either by deed or parol, is a legal assignment or an assignment at law, of a judgment or specialty or a mere right of action, in such a sense as to give the assignee a remedy at law in his own name.
All such assignments, whether by deed or parol, were called *70 equitable assignments, because originally, they could only be enforced or protected in a court of equity ; or as now, by the equitable interference of courts of law. Whereas in the general sense of the term, every transfer or assignment of a chose in action, whether by deed, by writing not under seal or merely by delivery, if for a good or valuable consideration, is a lawful assignment, or good and valid assignment at law, as well as in equity.
It comes then to the simple question, whether at the common law a bond could be assigned, so as to vest the title to it and the money due upon it, in the assignee, in any other way than by deed ?
Sewell, Justice, in Perkins v. Parker, 1 Mass. R. 117, was of opinion, that even a claim arising upon a matter of account, must be assigned by deed, so as to authorize a court of law to recognize and protect the assignment. And Sedgwick and, Strong, Justices in that case, seem to have been of opinion, that the assignment ought to be by an instrument of as high a nature as the debt assigned. Chief Justice Parsons, in Wood v. Partridge, 11 Mass. 488, said, “ it was uniformly holden, that an assignment of an instrument under seal must be by deed ; in other words, that the instrument of transfer must be of as high a nature, as the instrument transferred;” and he adds, “ that the case had not yet occurred of an attempt to assign a bond or covenant, or other contract under seal, by a mere delivery with the name of the assignor in blank, or with such words of transfer as are employed in the assignment of a parol or wz-itten promise.”
The same doctrine was again recognized by that court, in Cutts v Perkins, 12 Mass. R. 206.
It is manifest that upon this principle, a judgment or debt of record can never be assigned, so as to entitle the assignee to the aid and protection of a court of common law; and this very difficulty came up soon after, in Dunn v. Snell, 15 Mass. 481, in which Chief Justice Parker, took a distinction between such assignments as pass the legal title in action, and such as merely vest in the assignee an interest, which courts of law, in the exercise of an equitable jurisdiction, will take notice of and protect. In that case a mere parol assignment of a judgment, for *71 a valuable consideration, with a delivery over of the execution, was held to be a sufficient and valid assignment.
In Hutchings v. Low, 1 Green, 246, Justice Drake, correctly said, “an assignment does not necessarily imply or require a writing.” It is true our books of precedents give us the forms of deeds of assignments of bonds, 1 Jack. Law Dict. 142, and other dioses in action, not assignable at common law, or by statute ; but it was not because a deed was necessary to pass the right and title to the chose in action, but to constitute the assignee the attorney in fact of the assignor to sue for or collect the money due upon it iu his name. This however, is not now necessary, for it has long since been held, that an assignment of a diose in action carries with it by implication, a right to use the name of the assignor, even against his consent, and in opposition to his release or defeasance of the debt or security assigned. Per Holt, Justice, in 1 Ld. Raym. 683 ; Fenner v. Mears, 2 Bl. R. 1269, Sloan v. Somers, 2 Green, 509. Lord Coke says, “a man ¡nay give or grant his deed to another, and such a grant by parol is good. Co. Lit. sec. 377, fol. 232; and Butler and Harg. note 145. If then a parol assignment was good at common law, so that courts would take notice of it, and' protect the assignee, sorely they must be effectual now, since our statute declares assignments good and effectual at law, and gives the assignee a right to sue in his own name.
I do not find that this question has been expressly decided in this court: but our reports show a number of cases, and some of them much controverted on ofher points, as well before as since the statute making bonds assignable, in'which merely written assignments of specialties, have been recognized and sustained. See, Mehelm v. Barnet, Coxe R. 86; Admr. of Harris v. Clark, 1 Penn. 158 ; Boylan v. Dickerson, Id. 430; Stout v. Stevenson, 1 South. 178; Carhart v. Miller, 2 South. 573.
I am therefore of opinion, that a bond or other specialty may be assigned without deed; and so are the English authorities, and numerous decisions in this country. Fenner v. Mears, 2 Bl. R. 1269. In Vose v. Handy, 2 Greenleaf R. 322, a delivery of the bond, for a valuable consideration, was held to be a sufficient assignment of the deed and of the debt due thereon. And see, 1 Johns, cas. 180; 11 Johns. R. 534; 17 Id. 284, 292; Ford v. *72 Stewart, 19 Johns. R. 342; 7 Cowen 13 Id. 48, and other cases cited in 2 Amer. Com. Law, by Wheeler, title Bonds, p. 420.
The second cause of demurrer assigned is, that it does not appear by the declaration, that the assignment by the obligee to the first assignee, was to him and his assigns.
This objection is fully answered by the case of Sheppard v. Stites, 2 Halsted, 90. In Carhart v. Miller, 2 South. R. 573, the sealed bill was not payable to assigns. Chief Justice Kirkpatrick took no notice of that circumstance; but Southard, Just, said the statute could only apply to bonds and bills, made assignable in their terms. But this opinion of Justice Southard, must be considered as overruled by the case of Sheppard v. Stites, in which it was held that bonds and bills, whether made payable to assigns or not, are assignable within the statute: and in the Bennington Iron Co. v. Rutherford, 3 Harr. R. 158, we decided that the assignee of an assignee, in perpetuum, may bring an action on a bond in his own name.
There is however, an objection, which, I am inclined to think is fatal to the declaration, even on a general demurrer. The declaration does not set out the manner of the assignment; whether by deed, or by writing not under seal, or by parol only ; nor does it aver any consideration; nor that the bond was delivered to the assignee.
An indorsee of a promissory note, must set out the indorsement through which he intends to make title to the note ; and upon the general issue pleaded, he must prove the indorsement. He must do so, because the action is founded on the implied promise which the law raises upon the indorsement; and therefore the plea of non assumpsit, denies not only the promise, but all the facts upon which that promise was raised. Not so in the case of an assignee of a bond. He does not recover on any contract, express or implied, between him and the obligor; but simply by force of the statute. He must then bring himself upon the record, within the statute. This he carnet do, without showing nimself to be an assignee ; that is, without showing himself to be the owner of the bofid. But what amounts to an assignment, either at law or in equity, is always a question of law. The word assignee or assignment, has no certain, fixed or technical meaning, as the word indorsed has, when used in reference to *73 promissory notes or bills of exchange. An assignment may be by deed, by writing, by mere parol and delivery, or by the application of equitable principles to a certain state of facts; and in each case, the court must decide whether, the deed, the writing, or the circumstances of the case, amount to an assignment or a complete transfer of the bond and of the monies due thereon, so as to enable the assignee to sue in his own name; or whether the plaintiff has only a partial or equitable interest in the security, such as the court will take notice of and protect to the extent of that interest. The statute has not destroyed the distinction between legal and equitable assignments. I may have an equitable claim upon the monies or a part of the monies due upon a bond, without having the legal title to the instrument, so as to enable me to sue upon it in my own name. And it often may become material to ascertain the nature and extent of the plaintiff’s title to the bond, so that the court may protect the rights of the obligor, as between him and the obligee, or between the obligor and some intermediate assignee.
Accordingly, in Nixon v. Dickey, 2 Penn. R. 676, and in Stroud v. Howell, Id. 649, this court said, the assignment must be set out and proved. But if it must be set out and proved, then it may be traversed; and if it may be traversed, then it must be so pleaded; that is, so set out in the declaration, that it may be denied in modo et forma, and so put in issue; or that the defendant may demur, and thereby refer the question to the court, whether upon the facts stated, the plaintiff is assignee, and entitled to sue in his own name or not. Wood v. Partridge, 11 Mass. 488.
But to allege, that a bond was “ duly assigned,” is not alleging a fact, as pleading must always do; but stating a legal proposition, or rather a conclusion of law resulting from a supposed state of facts. The declaration ought to show how it was assigned ; so that the defendant may act advisedly, and either admit, deny, or demur to the statement.
Again, every material fact alleged in pleading, and not traversed or denied by the adverse party, is admitted. If then, the defendant does not mean to admit the plaintiff’s title to the bond, he must deny it in pleading. But the general issue of non esl factum, in an action of debt on a bond, denies only the bond.
In Richards v. The Morris Canal &c., 3 Harr. 250, the ques *74 tion was incidentally raised, whether, under the general issue, the plaintiff would be bound to prove the assignment. No definite opinion was then expressedbut upon reflection, I am strongly inclined to think, the general issue in such an action does not put the assignment in issue. It is not, as I have shown, like an action on negotiable paper, for in such an action the general issue denies the promise, and consequently denies also all the facts on which the promise was founded. The declaration therefore, it seems to me, ought to show how the bond was assigned and that it was for a good or valuable consideration. So I think are the cases, Winch v. Keely, 1 T. R. 619; Perkins v. Parker, 1 Mass. 117; Bac. Abr. Tit. Assignment, 249; 3 Chan. R. 90; 2 Vernon, 595; and see 2d Amer. Com. Law by Wheeler, title Bond 420. And so I think it ought to be-upon principle; for the assignee of a thing is one who is the owner of it, who has the whole estate of the assignor and possesses the thing in his own right; Jac. Law Dict. 139, title Assignee ; and consequently the defendant ought to have an opportunity of inquiring and the court of ascertaining, whether the plaintiff is the bona fide assignee of the bond, not a mere.nominal assignee, having no interest and suing for the benefit of the assignor. This would be an abuse of the statute, and might enable the real owner of the bond to defeat the just rights of the obligor; or at least subject him to difficulties in establishing his equitable defences as between him and the obligor or some intermediate holder of the bond. “ Assigned ” or “ duly assigned ” has no fixed or precise meaning; a bond may be duly assigned for one purpose and not for another. It may be assigned conditionally, or for the purpose of being cancelled on a certain event, or to await some future appointment or direction of the assignor, or in trust for a third person, or for the use of the assignor himself. The declaration ought therefore, it seems to me, to show the real nature of the plaintiff’s title to the instrument. Upon these points I give no settled opinion, but intend by the remarks I have made to preclude the ideá, that I am satisfied with the manner of declaring in this case. But upon this demurrer by the opinion of a majority of the court, the plaintiff must have judgment.
White, Neyius, Elmer and Whítehead, Justices, con *75 curred in overruling the demurrer, but are not to be considered as concurring with the Chief Justice, in the views expressed by him on the mode of setting out the assignment.

Judgment for the plaintiff.

Cited in Winfield v. City of Hudson, 4 Dutch. 264; Mor. Can. and Bkg. Co., 1 Stock. 686-696-698; Vreeland v. Van Horn, 2 C. E. Gr. 140; Kamena v. Huelbig, 8 C. E. Gr. 80.