Filed April 17, 1884.

———————◆———————

No. 11,208.

PFAFF, AUDITOR, *v.* THE STATE, EX REL. MAXWELL, CORONER.

COUNTY COMMISSIONERS. — *Claim against County.*—*Exclusive Original Jurisdiction.*—*Allowance.*—Under the provisions of sections 5758, 5759 and 5760, R. S. 1881, in force since May 31st, 1879, the board of commissioners of each county has exclusive original jurisdiction of every legal claim against such county, and every such claim must be presented to the board for allowance, and no other court can acquire jurisdiction of the claim, except by appeal from the judgment of the county board.

FEES OF CORONER'S INQUEST.—*Payable out of County Treasury.*—*County Auditor.*—*Mandate.*—The fees of a coroner's inquest are payable out of the county treasury, but the county auditor can not be compelled by mandate to draw his warrant therefor, until the coroner has presented his claim for such fees for allowance to the board of commissioners of the county.

From the Marion Circuit Court.

VOL. 94.—34

*W. W. Woollen*, for appellant.

*V. Carter* and *F. Winter*, for appellee.

HOWK, C. J.—This was a proceeding by mandate by the appellee's relator, as coroner of Marion county, to compel the appellant, as the auditor of such county, to issue his warrant on the treasurer of the county for the expenses of a certain inquest held and certified by the relator as such coroner. The appellant's demurrer, for the want of facts, to the complaint and alternative writ, was overruled by the court. An answer and return were then filed by the appellant, to which the relator's demurrer, for the alleged want of facts, was sustained by the court. The appellant excepted to this ruling, and declined to answer further or make further return. Judgment was rendered in appellee's favor for a peremptory mandate and costs.

The appellant has assigned as errors (1) the overruling of his demurrers to the complaint and alternative writ, and (2) the sustaining of a demurrer to his answer or return.

In his complaint and alternative writ the relator alleged that he was the coroner of Marion county; that, on August 8th, 1883, it became and was the official duty of the relator, as coroner, to hold an inquest upon the body of one Sophia E. Wishmier, a resident of such county, who had been found dead therein, and he had accordingly held an inquest on such body, on the day named; that the fees fixed by law for such inquest were as follows: For inquest $10, and mileage fifty cents, for the relator as coroner; that afterwards, on August 31st, 1883, the relator filed a certified statement of his fees as aforesaid with the appellant, then and since the auditor of such county, whose duty it was to draw his warrant in the relator's favor on the county treasurer for the amount of such fees; that the relator then and there demanded of the appellant that he issue such warrant in relator's favor, for the amount of his fees; but that the appellant, as such auditor, refused then and since to issue such warrant. Wherefore, etc.

It will be seen from his complaint that the relator claims it to be the duty of the county auditor to draw a warrant on the county treasurer for the payment of the expenses of an inquest, upon the mere presentation to such auditor of an account of such expenses, certified by the coroner, and his demand for such warrant. On the other hand, it is claimed by the appellant that he can not, as county auditor, under the law, draw his warrant on the county treasurer for the payment of such account until it has been " presented to the board of county commissioners," and allowed either by such board or, on appeal, by the judgment of some superior court. The question at issue between the parties has been ably and elaborately argued by their respective counsel, and if we fail to reach a right conclusion in the decision of the cause, it will not be the fault of counsel on either side.

The question mainly depends, for its proper decision, upon the construction of divers statutory provisions enacted at divers times, beginning with the R. S. 1852, and extending down to and through the enactments of the last General Assembly ; at least, it requires an examination of the long line of legislation, covering in time nearly one-third of a century, in relation to the powers and duties of certain county officers, and the compensation of such officers in so far as the same is payable out of the county treasury. This examination is necessary, because while new statutory provisions, bearing upon the subject under consideration, have been enacted from time to time, there has seldom been an express repeal of the prior legislation.

The office of coroner is a constitutional office ; that is, in section 2, article 4, of the Constitution of 1851, it is provided that " There shall be elected, in each county, by the voters thereof, at the time of holding general elections, a  *  *  * coroner," who " shall continue in office two years," Section 152, R. S. 1881. The first General Assembly, after the adoption of the Constitution of 1851, passed "An act prescribing the powers and duties of coroners," approved

May 27th, 1852, which act, except sections 2, 3, 5 and 7 thereof, which have been repealed, is still in full force, save that sections 10 and 11, and section 4 as amended by the act of February 9th, 1871, have since been amended. Sections 5875 to 5892, R. S. 1881. The act of May 27th, 1852, contained no provision in relation to the fees or compensation of the coroner, for holding an inquest, nor for the payment thereof. But in "An act regulating the fees of officers," approved June 16th, 1852, the fees of a coroner for holding an inquest were fixed, and provision was made for their payment; and the same has generally been done in the several fee and salary acts since passed. Thus, in section 36 of the fee and salary act of March 12th, 1875, it is provided as follows: " The fees of coroner's inquests shall be paid out of the county treasury." 1 R. S. 1876, p. 478.

This section has never been repealed, and is the law of the State, *except* where " the amount of money and other valuables found with the dead body" may be sufficient " to defray the expenses of such coroner's inquisition and funeral expenses of said body. Section 5882, R. S. 1881. This exception has no application to the case in hand; for here the appellee's relator is seeking to get the expenses of the inquest, mentioned in his complaint and alternative writ, out of the county treasury. Section 5892 had been repealed by the fee and salary act of March 12th, 1875, and was brought by mistake into the Revised Statutes of 1881.

The appellee's relator, so far as the amount of his fees and mileage is concerned, makes his claim in this case under the provisions of "An act fixing the fees, salaries, duties, and compensation of the officers and persons named therein," etc., approved March 6th, 1883. In the first section of this act, in so far as applicable to the relator's case, it is provided as follows: " That the fees of coroners shall be as follows, to wit: For swearing witnesses and making and returning inquisition for the view of each body, for first day, $10; for each additional day, $2.50; and mileage, for each mile nec-

essarily travelled, five cents." Section 2 limits the provisions of the act " to counties containing more than forty thousand inhabitants, as evidenced by the census taken by the United States in 1880," and declares that " the laws affecting other counties, which are now in force, shall not be affected by this act." Section 3 declares an emergency, and that the act " shall be in force from and after its passage." Acts 1883, p. 127.

It will be observed that this act makes no provision for the payment of coroners' fees, for holding inquests; but such fees are still payable, under the provisions of section 36, above quoted, of the fee and salary act of March 12th, 1875, " out of the county treasury." In section 5912, R. S. 1881, in force since May 6th, 1853, it is provided that the county treasurer " shall receive all money coming to the county, and disburse the same on the proper orders issued and attested by the auditor." In section 4 of "An act in relation to county auditors," approved May 31st, 1852, it is provided as follows: "He shall examine and settle all accounts and demands chargeable against his county, which are not directed to be settled and allowed by some other tribunal or person; and for all such sums of money settled and allowed by himself, such other tribunal or person, or where the same is fixed by law, he shall issue his orders on the treasurer of the county, payable to the person entitled thereto, which orders shall be numbered, progressively, and the number, date, and amount of each, and to whom payable, and the purpose for what drawn, shall, at the time of issuing the same, be entered in a book kept for that purpose." 1 R. S. 1852, p. 150.

This section of the statute has never been expressly repealed in or by any later enactment, and it is brought forward into the Revised Statutes of 1881, as section 5896, and as an existing law. Nor can we say that the section quoted has been repealed by implication, except in this wise, that as every " legal claim against any county " must, under later legislation, be " presented to the board of county commis-

sioners," for examination and allowance, there are now no accounts or demands against the county, "which are not directed to be settled and allowed by some other tribunal or person," unless it be a salary the amount whereof is fixed, either by law or contract. In section 5758, R. S. 1881, in force since May 31st, 1879, it is provided as follows: "Whenever any person or corporation shall have any legal claim against any county, he shall file it with the county auditor, to be by him presented to the board of county commissioners." The next section, 5759, of the same act, provides that "The county commissioners shall examine into the merits of all claims so presented; and may, in their discretion, allow any claim in whole or in part, as they may find it to be just and owing."

It will be observed that under these sections of the statute, when any legal claim against any county is filed with the county auditor, it is not the duty of such auditor to settle and allow the same, but the claim is "to be by him presented to the board of county commissioners," for their examination and allowance. Accordingly, in *Board, etc.,* v. *Hon,* 87 Ind. 356, it was held by this court, and correctly so we think, that, under these statutory provisions, all claims against a county must be presented for allowance to the board of county commissioners. This is certainly the general rule, and we know of no exceptions to it, except the one already adverted to, of a salary the amount of which is fixed, either by law or contract, and the one provided for, in section 1414, R. S. 1881, of "a sum allowed, or certified to be due by any court of record authorized to use a seal and having jurisdiction beyond that of justices of the peace." The relator's claim, in the case at bar, does not come within either of these exceptions to the general rule.

Our conclusion is, therefore, that the court clearly erred in overruling the appellant's demurrer to the relator's complaint and alternative writ. This conclusion renders it unnecessary for us to consider the other error complained of.

The judgment is reversed, at the relator's costs, and the cause remanded with instructions to sustain the demurrer to the complaint and alternative writ of mandate.

