Morris, Auditor, *v.* The State, *ex rel.* Brown, Clerk.

Filed June 28, 1884.

---

No. 11,768.

MORRIS, AUDITOR, *v.* THE STATE, EX REL. BROWN, CLERK.

COUNTY AUDITOR.—*Clothing for Insane.—Allowance by County Commissioners. —Statute Construed.—Repeal of Statute.*—When clothing has been purchased in good faith by the clerk for an insane person, as directed by section 2856, R. S. 1881, it is the duty of the county auditor to draw a warrant for the amount thereof upon the clerk's certificate, and it is not necessary that the claim shall be presented for allowance to the board of commissioners. This statute, inasmuch as it relates to a special subject, is not repealed by subsequent general statutes requiring claims to be presented for allowance to the board.

From the Henry Circuit Court.

*J. H. Mellett* and *E. H. Bundy*, for appellant.

*F. W. Fitzhugh*, for appellee.

ELLIOTT, C. J.—The relator is the clerk of Henry county, and sued out a writ of mandamus to compel the appellant, the auditor of that county, to issue a warrant for forty-eight dollars for money expended for the purchase of clothing for an insane man, at the time an inmate of the hospital for the insane. The purchase was made by the clerk upon the requisition of the superintendent of the hospital.

The ruling question in the case is this: Is the county auditor bound to issue his warrant upon a claim of the character described, without its having been presented to and allowed by the board of county commissioners?

It is decided in *Pfaff* v. *State, ex rel.,* 94 Ind. 529, that where there is no specific provision for the auditing of claims, they must be presented to and allowed by the commissioners, and that unless allowed by that body the auditor is not bound to draw his warrant for them. The general rule, therefore, is that all claims must be presented to the commissioners for allowance, and the exceptions to the rule are the cases in which a specific duty to allow and audit claims is by law imposed upon the auditor. Whether the clerk had a right to the writ sued for must, therefore, depend upon whether the claim described is one specifically provided for by law.

In our opinion the present case is an exception to the general rule. Our reason for this conclusion is that the statute makes it the duty of the clerk to purchase clothing for an insane person, and imposes upon the auditor the duty of auditing the claim upon the certificate of the clerk. R. S. 1881, section 2856. The statutory provision is, that "payment for the same" (that is, for clothing purchased by the clerk) "shall be made out of the county treasury, upon certificate of the clerk and order of the county auditor." It is evident that the Legislature intended that the certificate of the clerk should be sufficient evidence of the claim, and when that evidence was presented the duty to issue the necessary warrant became purely a ministerial one.

The statute enjoins upon the clerk the duty of buying the clothing, and entrusts him with full authority in the matter, and does not authorize the commissioners to buy the clothing. As the clerk is the officer having authority in such matters, it clearly follows that his approval and certificate of the claim settles it definitely as to character and amount, and leaves nothing for the commissioners to pass judgment on.

It was competent for the Legislature to take from the commissioners authority in such matters and vest it in some other county officer, and to make his certificate evidence of the validity of the claim. This power has been exercised by the Legislature, and it was made the specific duty of the auditor to accept and act upon the certificate of the clerk. Of course, if fraud or mistake were shown a different rule would obtain, for in such cases the auditor might refuse to issue his warrant, but there is no pretence of anything of the kind here.

The right of the clerk to a warrant is not, in the sense in which the word is used in *Pfaff* v. *State, ex rel., supra,* a claim against the county, but is a right vested in the clerk by a positive statute. When he does what the statute directs, he is entitled to a warrant, and the law makes his certificate sufficient evidence of this right. There is, therefore, no need for further inquiry, by any of the county officers, nor is there any authority to make such inquiry, for the statute prescribes exactly what shall be done. While the right of the clerk is in a broad sense a claim, it is not such a claim as is within the general rule laid down in *Pfaff* v. *State, ex rel., supra.* It is a statutory right expressly fixed by statute, and governed by the statute fixing it as to character and mode of procedure.

Any other conclusion than that reached by us would conflict with the settled general rule that where a discretion is confided to a public officer, courts can not interfere with its exercise, although they may restrain or correct its abuse. The evil of a departure from this rule is illustrated by the case before us. Suppose the clerk to buy clothing at a cost

of twenty-five dollars, that he acts in good faith, and that the commissioners cut down the claim to five dollars, must the clerk lose the difference between the price actually paid and the sum allowed? We know of no rule of law which will compel an officer, who has performed his duty in good faith, and has exercised a discretionary power vested in him, to suffer loss because other officers may conclude that he did not wisely exercise his discretion. If the officer had no discretion, or if he could not act without having been directed by the commissioners, a very different rule would prevail, but the case before us is one where the whole matter is entrusted to the sole authority of the officer, and no consultation is required to be had with, or any directions taken from, any other officer.

The statute prescribing the duties of clerks in furnishing clothing to insane persons is a special one, governing a special subject. It takes from the commissioners authority respecting the subject and confers it upon the clerk, and prescribes special powers and duties and establishes a special method of procedure. Special statutes governing special subjects are not necessarily repealed by general statutes, and we do not think the statute cited in *Pfaff* v. *State, ex rel., supra,* was intended to repeal the special statute under discussion, but that it remains in force governing the special subject upon which it operates.

We fully approve the decision in *Pfaff* v. *State, ex rel., supra,* but hold that the case at bar is a special case arising out of a special statute, and forming an exception to the general rule, because it is a special case arising out of a special statute operating upon a special subject.

Judgment affirmed.

Filed June 28, 1884.