Filed Sept. 26, 1885.

---

No. 12,558.

THE STATE, EX REL. MORRISON, SURVEYOR, *v.* MORRIS, AUDITOR.

JUDGMENT.—*Collateral Attack.—Appeal.—Review.*—A judgment which is erroneous, but not void, is good as against a collateral attack. The remedy is by appeal or complaint for review.

The State, *ex rel.* Morrison, Surveyor, *v.* Morris, Auditor.

MANDATE.—*Return.*—*County Auditor.*—*Allowance.*—To an alternative writ of mandate directed to a county auditor, requiring him to show cause why he should not draw a warrant on the county treasury for the amount of an allowance made by the circuit court, it is a good return that the order of such court directed that such allowance should be paid by another person out of another fund, and that the claim had never been presented to and allowed by the board of county commissioners.

SAME.—*Return Need not be Verified.*—*Pleading.*—*Practice.*—The return to a writ of mandate need not be verified, as, under section 1171, R. S. 1881, issues of law and fact may be joined and trial had as in civil actions.

From the Henry Circuit Court.

*D. W. Chambers, J. S. Hedges* and *F. W. Fitzhugh,* for appellant.

*J. M. Morris,* for appellee.

HOWK, J.—On the verified complaint of the appellant's relator, Robert I. Morrison, surveyor and *ex officio* commissioner of drainage of Henry county, an alternative writ of mandate was issued in this cause, directed to the appellee Morris, auditor of such county. The appellee appeared and made his return or answer to such writ, to which return or answer the relator's demurrer, for the alleged want of sufficient facts, was overruled by the court. The relator refused to reply or plead further to appellee's return or answer, and judgment was rendered against him for the appellee's costs.

In this court the relator has assigned as errors the following decisions of the circuit court:

1. In overruling his demurrer to appellee's return or answer; and,

2. In overruling relator's motion to strike out and set aside the appellee's return or answer, because it was not verified.

In his return or answer to the alternative writ of mandate, the appellee admitted that the relator was the duly elected, qualified and acting surveyor of Henry county, and that appellee was the duly elected, qualified and acting auditor of such county, and that the relator performed services, as alleged in his complaint, in the establishment of the " W. F.

Smith" ditch. The appellee further admitted that the relator filed his claim for such services in the sum of twenty-five dollars, which claim was allowed in full by the Henry Circuit Court, and that a certified copy of such allowance was presented to and filed with the appellee, and payment thereof demanded, by the relator, as alleged in his complaint. But the appellee averred that the order of allowance, so made to the relator by the Henry Circuit Court, did not command the appellee to draw his warrant on the county treasurer for the payment of such allowance out of the county treasury, but that such order of allowance reads as follows: "Which accounts are now submitted to the court, and the court having examined the same, and being fully advised, allows said accounts to be paid by commissioner out of assessments made on said ditches, to which ruling of the court said Morrison excepted at the time, and the court grants thirty days' time in which to file bill of exceptions herein;" that such order of allowance expressly provided that such allowance should be paid by the commissioner of drainage, to whom such ditch was referred for construction, out of the assessments of benefits to the land-owners whose lands were benefited by such ditch; that at the time of the allowance of the relator's claim assessments of benefits to the lands affected by such ditch had been, by the commissioners of drainage of Henry county, reported to and approved and confirmed by the court below to the amount of $1,505, and the construction of such ditch referred to commissioner Jacob W. Yost; that commissioner Yost had caused a notice of such assessments of benefits to the lands affected by such ditch to be recorded in the recorder's office of Henry county, wherein such lands were situated; that the proceedings of the court, approving and confirming such report of assessments, were unappealed from, and such assessments were valid and subsisting liens upon the lands so assessed to such amount of $1,505, and that such assessments, at the time this action was commenced, were each and all due and collectible.

And the appellee averred that the relator's claim had not been presented to and allowed by the board of commissioners of Henry county, nor was the same for a sum allowed or certified to be due and payable out of the county treasury, by any court of record authorized to use a seal, and having jurisdiction beyond that of justices of the peace. Wherefore, etc.

It is shown by the relator, in his verified complaint, that the allowance of the court, which he seeks in this suit to compel the appellee, as county auditor, to draw his warrant for on the county treasury, was made and directed by the court to be paid by the commissioner of drainage out of the assessments made on the "W. F. Smith" ditch, at the September term, 1884, of such court. At that time the law of this State governing such allowances was section 4283, R. S. 1881, wherein it was provided as follows: "For their services under the third section of this act (section 4275) the commissioners of drainage and engineer, and the chainman, axeman, and rodman by them employed, shall be allowed and paid out of the county treasury such compensation as the court shall determine. The commissioner charged with the construction of a work for drainage shall be paid for such services out of the funds raised for its construction."

Under this section of the statute, it is earnestly insisted on behalf of the relator that he was and is entitled to have his compensation for his services on the "W. F. Smith" ditch allowed and paid out of the county treasury. In this view of the statute, we should probably agree with the relator's counsel, if the question were presented here by his appeal from the court's order of allowance. But the court, in making such order of allowance, had jurisdiction of the subject-matter and of the relator's person, and, in such a case, it will not do to say that the court's order of allowance, or any part of it, was or is void. The most that can be said in favor of the relator, adopting his own view of the section of the statute above quoted, is that the Henry Circuit Court erred in its order allowing his compensation for his services to be paid out of the

assessments for the ditch, instead of directing payment to be made out of the county treasury. For such an error the relator's remedy was either a complaint for review for apparent error of law, or an appeal to this court, within the time provided by laws.. The order of allowance, in whole and in part, is absolutely impervious to a collateral attack by the relator, who was a party to such order. *Dowell* v. *Lahr,* 97 Ind. 146 ; *Carrico* v. *Tarwater, ante,* p. 86.

The order of allowance in favor of the relator was an entirety, and could only be certified as such by the clerk of the Henry Circuit Court. Thus certified, the order afforded no authority whatever to the appellee, as county auditor, to draw his warrant on the county treasury for the amount of the allowance, because, on its face, the order directed that the allowance should be paid by another person out of another fund. In addition to this it was averred by appellee in his return or answer, that the relator's claim herein had never been presented to and allowed by the board of commissioners of Henry county. *Pfaff* v. *State, ex rel.,* 94 Ind. 529 ; *Morris* v. *State, ex rel.,* 96 Ind. 597. Appellee's return or answer was sufficient, and the relator's demurrer thereto was correctly overruled.

Relator's counsel claim that the court erred in overruling his motion to strike out and set aside appellee's return or answer, because it was not verified. We know of no provision of our code, nor rule of practice, and counsel have cited none, which requires the verification of such return or answer. Fairly construed, the provisions of section 1171, R. S. 1881, contemplate that, in proceedings by mandate, issues of law and fact may be joined and trial thereof had as in civil actions. The court did not err, we think, in overruling the motion to strike out and set aside the return or answer for the want of verification.

We find no error in the record of this cause.

The judgment is affirmed, with costs.

Filed Oct. 6, 1885.