The Terre Haute and Indianapolis Railroad Company *v.* Baker.

122 433
e159 693

No. 13,988.

# THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* BAKER.

ATTACHMENT AND GARNISHMENT.—*Proceedings before Justice of Peace.— Law of Other State.—Pleading.*—To an action against a railroad company to recover for work and labor, an answer is sufficient which alleges that in proceedings before a justice of the peace of another State against the plaintiff as principal and the defendant as garnishee defendant, a judgment was rendered against the defendant, and the statutes of the foreign State authorizing such proceedings in attachment and garnishment need not be set up.

SAME.— *Pleading.— Averment of Notice.— Reply.—Insufficiency of.*—Where such answer, as above, avers that the plaintiff was duly served with process and notice in the garnishment proceedings, a reply merely alleging that the justice was without jurisdiction, and that the plaintiff never consented that he should have jurisdiction, is bad.

SAME.—*Law of Other State.— Void Notice.—Judgment.*—Under section 473, R. S. 1879 (Mo.), where property has been attached, and the plaintiff is seeking an order for its sale to satisfy his debt, notice shall be given to the defendant by the justice of the peace by posting, that a writ has been issued against him, and his property attached to satisfy the demand of the plaintiff; but when, as in this case, no property is attached, such notice is a nullity, and a judgment rendered thereon is void.

SAME.—*Railroad.— Wages Not Subject to Garnishment.—Failure to Defend. —Action by Employee.*—Where wages, in the hands of a railroad company, are not subject to garnishment, it is the duty of the company to interpose that defence, and if it fails to do so it can not have credit for the amount thus unnecessarily paid in the garnishment proceeding in an action by its employee.

CORPORATION.— *Wages.—Penalty for Non-Payment.*—Under section 1602, Elliott's Supp., providing for a penalty of one dollar for each day that wages shall be withheld from an employee after ten days from demand made, recovery can be had only of the penalty accrued at the time of the commencement of the suit.

From the Carroll Circuit Court.

*S. O. Bayless* and *J. G. Williams,* for appellant.

*J. Applegate* and *C. R. Pollard,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant to recover for work and labor. The complaint in the cause, omitting the formal parts, is as follows:

" John T. Baker, plaintiff, complains of the Terre Haute and Indianapolis Railroad Company, defendant, and says that the defendant is a corporation, and is indebted to the plaintiff in the sum of fifty-six and $\frac{10}{100}$ dollars for work done by plaintiff for defendant, as a section hand, during the' months of February and March, 1887; that the agreement for work and labor as alleged in this complaint was a verbal agreement, and there was no other agreement in relation to the same; that said sum is now due and unpaid; that on the 1st day of April, 1887, plaintiff demanded payment of said sum of the defendant, but the defendant refused and still refuses to pay the same; that the plaintiff has incurred an obligation in the employment of attorneys to prosecute this action in the sum of twenty-five dollars, which is a reasonable sum for attorney's fees, and said sum is also due and unpaid. Wherefore, plaintiff prays judgment for said sum of fifty-six and $\frac{10}{100}$ dollars, the sum of twenty-five dollars for attorney's fees, and a penalty of one dollar per day for every day said payment has been withheld, in all, one hundred and fifty dollars." To this complaint is attached a bill of particulars as follows:

" TERRE HAUTE AND INDIANAPOLIS RAILROAD COM-
PANY.
"To John T. Baker:
" 1887. To 51 days work on section 19, as section hand, at $1.10 per day for the months of February and March, 1887, being $56.10."

The third paragraph of the answer to this complaint is as follows: "And for further and third paragraph of answer to plaintiff's complaint, defendant says that it is the owner, and engaged in operating a line of railway across the State of Illinois and extending and running into the States of Indiana and Missouri; that it has a general office in the city of St.

The Terre Haute and Indianapolis Railroad Company v. Baker.

Louis, in the State of Missouri; that on the 15th day of March, 1887, one S. W. Smelcer instituted and began a suit against said plaintiff herein, as principal, and against this defendant, as garnishee defendant, before Jeremiah Ryan, a justice of the peace in the said city of St. Louis, State of Missouri; that due process and notice was had upon this plaintiff in said suit so begun, and a writ of summons duly served upon this defendant in garnishment; that it filed its answer alleging, in substance, that at the date of the service of process upon it, it was indebted to the plaintiff herein in the sum of $36.30; that such further proceedings were had in said suit as resulted in a judgment against this defendant in garnishment for the sum of $33.40; that the said judgment in said suit was duly given and made against this defendant as garnishee; that this defendant afterwards paid the said judgment so rendered against it, and afterwards this defendant tendered to the plaintiff herein the sum of $2.90, the balance due from the defendant to plaintiff, and for which amount it now offers to confess judgment, with costs, to this date, and brings into court said sum of $2.90 and tenders the same to the defendant."

A demurrer to this answer was overruled by the court, and appellee excepted.

The appellee then filed the following reply to said answer, viz.: "And for a second and further reply to the third paragraph of said answer, he says, that, on the 15th day of March, 1887, and for more than one year immediately preceding that day, the S. W. Smelcer, referred to in said answer, and this plaintiff were citizens of Carroll county, Indiana, residing in said county, where they have ever since resided and still reside; that, on said 15th day of March, 1887, and for a year prior thereto, plaintiff was a resident householder of Carroll county, Indiana, and had not, during any of said time, nor has he yet, property of the value of six hundred dollars; that the pretended judgment set forth in said answer was upon a claim founded upon, or

growing out of a contract between said Smelcer and the plaintiff; that at the time said defendant filed its answer before Jeremiah Ryan, said S. W. Smelcer was doing business as a merchant at Flora, Carroll county, Indiana, and there residing as the defendant well knew; that plaintiff never consented that said Jeremiah Ryan should have jurisdiction of his person; that said Jeremiah Ryan never did have jurisdiction to render judgment against plaintiff in the action in said answer set forth, but the same, as plaintiff * * * is informed and believes, was procured by collusion between said Smelcer and the defendant to prevent plaintiff from availing himself of the exemption laws of the State of Indiana, and to prevent him from securing as against attachment proceedings wages for one month."

The court overruled a demurrer to this reply, and the appellant excepted.

A trial of the cause resulted in a finding and judgment for the appellee, in which the court allowed the appellee the sum of $38 on account of wages, $25 on account of attorney's fees in this cause, and $69 penalty on account of withholding payment of the claim in suit, making a total of $132.55.

The errors assigned by the appellant are:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d. That the court erred in overruling the appellant's demurrer to the second paragraph of the appellee's reply.

3d. That the court erred in overruling the appellant's motion for a new trial.

In view of the many intricate and important questions involved in this record, we regret that the appellant has not seen fit to file a more elaborate brief. The only brief on file in behalf of the appellant is what is termed a supersedeas brief, in which not a single authority is cited. In this brief the appellant reserves the right to discuss, at some future time, the many questions presented by the record, but as no additional brief has been filed, we are required, under the

rules of this court, to treat as waived all questions not presented by the supersedeas brief.

No objection to the complaint is pointed out, and we discover none. The complaint states a cause of action against the appellant.

The argument on behalf of the appellant that the reply above set out was not sufficient, is met by the appellee with the contention that the answer to which it is addressed is bad, and that a bad reply is good enough for a bad answer.

It is contended by the appellee that inasmuch as a justice of the peace has no common law jurisdiction, and inasmuch as an attachment proceeding is a stranger to the common law, the answer to be good should set out some statute of the State of Missouri conferring jurisdiction on a justice of the peace in that State, and some statute authorizing a proceeding in attachment and garnishment.

Whatever merit this contention might possess, in the absence of any statute upon the subject, we think it is fully met by the provisions of section 369, R. S. 1881, which provides that " In pleading a judgment or decision of a court or officer of special jurisdiction, it shall be sufficient to allege, generally, that the judgment or decision was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial." The answer in question alleges that the judgment against the appellant therein pleaded, was duly given and made. *Krug* v. *Davis*, 85 Ind. 309, cited by appellee, is not an authority here, as the question involved in that case was quite different from the one now before us.

We think the third paragraph of the answer, pleaded by the appellant, was sufficient. We are of the opinion, also, that the reply above set out was wholly insufficient.

It does not, as erroneously contended by the appellee, contain an averment that the appellee had no notice of the pendency of the attachment proceeding instituted in St. Louis. The answer avers " that due process and notice was

had upon this plaintiff in said suit so begun, and a writ of summons duly served upon this defendant in garnishment."

These averments are not denied by the reply, and must, therefore, be taken as true.   When taken in connection with the averments that the judgment in said cause " was duly rendered and given," they show that the justice rendering judgment had jurisdiction in the cause.   If he possessed jurisdiction over the subject-matter and over the persons of the parties, then, however erroneous his action in ignoring our statutes upon the subject of attachment, his judgment is not void.

Furthermore, for anything appearing from this reply, the appellee may have been at St. Louis at the time process was issued, and it may have been served upon him, personally, or he may have appeared to the action and defended against it. The averment that he did not *consent* to jurisdiction does not preclude such a possibility, and the averment that the justice did not have jurisdiction is averring a mere conclusion.

The reply proceeds upon the theory that the judgment is void, and not merely voidable.   This theory is erroneous. A judgment merely voidable can not be attacked collaterally. *Davidson* v. *Koehler*, 76 Ind. 398; *State, ex rel.,* v. *Morris*, 103 Ind. 161 ; *Krug* v. *Davis, supra; Kleyla* v. *Haskett*, 112 Ind. 515.

In our opinion the court erred in overruling the demurrer to the second paragraph of the appellee's reply.

Over the objection of the appellant, the appellee was permitted to prove that he was, and for a long time prior to the 15th day of March, 1887, had been, a resident householder of Carroll county, Indiana, and that Smelcer, who commenced the attachment proceedings against the appellant, was, and for a long time prior thereto had been, a merchant residing in said county.

This evidence was, to say the least, prematurely admitted. No evidence upon the subject of residence could properly be introduced until the appellant had introduced some evidence

of the judgment set up in the third paragraph of its answer. This it had not done. But in a proper case, under proper issues, involving the jurisdiction of a foreign court, we know of no reason, and none is pointed out, why such evidence is not admissible.

After offering and reading in evidence the statutes of the State of Missouri upon the subject of the jurisdiction of justices of the peace, in that State, in civil cases, and upon the subjects of writs of attachment and garnishment, the appellant offered in evidence what purported to be the record of the proceedings in the attachment case referred to in the third paragraph of its answer. Upon the objection of the appellee, this offered evidence was excluded by the court, and the appellant excepted.

From the statutes of Missouri, read in evidence, it appears that justices of the peace in that State, generally, have jurisdiction in civil cases where the amount involved, exclusive of interest and costs, does not exceed $150. In certain cities, including the city of St. Louis, they have jurisdiction in such cases where the amount involved does not exceed $200. They also have power, in certain cases, to issue writs of attachment and garnishment.

Actions commenced by attachment must be brought in the township where the property, rights, credits or effects of the defendant may be found, or in an adjoining township, or in the township where the defendants resides, or in an adjoining township.

Section 481, R. S. 1879, is as follows: "The provisions of law governing attachments in courts of record, shall apply to attachments before justices of the peace, so far as the same may not be inconsistent with the provisions which are specially applicable to the latter. This section shall not be construed to authorize real estate to be attached, or accounts, book accounts, notes, bills, bonds, or other evidences of debts to be seized under an attachment issued by a justice."

Section 2519 provides that no person shall be charged as

garnishee on account of wages due from him to a defendant in his employ for the last thirty days' service.

Section 473 provides that "When the defendant can not be summoned, and his property or effects shall be attached, if he does not appear to the action at the return of the writ, the justice shall enter an order on his docket requiring the plaintiff to give notice to the defendant, by four written or printed advertisements, set up at four public places in the county, that a writ has been issued against him, and his property attached to satisfy the demand of the plaintiff; and that unless he appear before the justice at the next law day, stating the time and place, judgment will be rendered against him, and his property sold to pay the same and costs." Section 474 requires such notice to be posted at least twenty days before the next law day of such justice.

It appears from the transcript of the writs, papers and record entries offered in evidence by the appellant, that no property of the appellee was attached, and the summons was returned not found. The writ of garnishment was served upon the appellant, and it answered that it was indebted to the appellee in the sum of $36.30, but it made no resistance to the effort to garnishee the same in its hands. The appellee not appearing on the return day of the writ, the justice entered an order on his docket requiring the plaintiff to notify the defendant under the provisions of section 473, as above set out, which was done. No other notice was given and upon this notice judgment was rendered against the appellee by default.

We are of the opinion that this judgment is void, for the reason that the justice who rendered it had no jurisdiction. The notice provided for in section 473 can only be issued in cases where property has been attached, and the plaintiff is seeking an order for its sale to satisfy his debt. A levy upon property brings it within the jurisdiction of the justice, and when he thus acquires jurisdiction over the property he may cause the notice provided for in that section to be given, and

may proceed to final judgment in the matter of converting the same into money for the payment of the debt. But in this case, as we have seen, no property was attached, and hence no case existed in which such a notice could be issued. A notice not authorized by law is a nullity. *Norvell* v. *Porter*, 62 Mo. 309; *Osborne* v. *Schutt*, 67 Mo. 712; *Harmon* v. *Birchard*, 8 Blackf. 418; *Kuntz* v. *Sumption*, 117 Ind. 1.

If it be urged that the service of the writ of garnishment on the appellant was, in a sense, the attachment of property which authorized the notice given, it would seem to be a sufficient answer to say that neither by the law of Indiana nor by the law of Missouri was the claim now in controversy the subject of attachment or garnishment, and the seizure of such claim could not give jurisdiction. The statute of Missouri above set out expressly exempts such a claim from garnishment. If a party owing such a claim when garnisheed, pays the same without resistance, knowing that the party to whom it is due has no personal notice of the proceeding by which it is sought to reach the claim, and no actual opportunity to resist it himself, the party thus paying must bear the loss.

It was the duty of the appellant to avail itself of all legal means to prevent a judgment against it when garnisheed. *Johann* v. *Rufener*, 32 Wis. 195; *Pierce* v. *Chicago, etc., R. W. Co.*, 36 Wis. 283.

As the wages for which the appellee sues were not subject to garnishment in the hands of the appellant either by the law of Indiana or under the laws of the State of Missouri, it was the duty of the appellant to interpose that defence, and having failed to do so, it can not now have credit for the amount thus unnecessarily paid. *Davis* v. *Meredith*, 48 Mo. 263; *Smith* v. *Dickson*, 58 Iowa, 444; *Seward* v. *Heflin*, 20 Vt. 144; *Coates* v. *Roberts*, 4 Rawle, 100.

Generally the garnishee is regarded and treated as a mere stake-holder between the parties, but the class of cases now

before us constitutes an exception to the general rule. 2 Wade Attachments, 398, 399.

The court did not err in rejecting this offered evidence. In the case of *Chicago, etc., R. R. Co.* v. *Meyer*, 117 Ind. 563, there was an appearance by the principal defendant, and in that respect the case is distinguished from the one here.

It is finally contended by the appellant that the damages assessed by the court are too large.

The right to recover attorney's fees in cases like this is fixed by the statute hereafter referred to and set out.

The amount to be recovered depends upon the proof. We can not say that the evidence does not tend to support the finding of the court as to the amount allowed for attorney's fees.

The amount of penalty allowed by the court was excessive. Section 1602, Elliott's Supp., provides that " Every corporation, company, association, firm or person who shall fail for ten days after demand of payment has been made to pay employees for their labor, in conformity with the provisions of this act, shall be liable to such employee for the full value of his labor, to which shall be added a penalty of one dollar for each succeeding day, not exceeding double the amount of wages due, and a reasonable attorney's fee, to be recovered in a civil action and collectible without relief."

The complaint alleges that demand for payment was made on the 1st day of April, 1887. This action was commenced on the 16th day of May, 1887. Conceding, without deciding, that a penalty may be recovered in a case like this, it will be seen that there could not have been due under the provisions of this act more than $36 penalty at the date of the commencement of this action. The appellee could not sue for and recover a penalty that had not accrued at the time of the commencement of the suit. He is not entitled to recover in this action for penalties accruing after the suit was commenced. The amount of penalty allowed by the court was, therefore, largely in excess of the amount due.

Louisville, New Albany, etc., R'y Co. v. State, for the use of Beckman, Etc.

For the errors above indicated the judgment must be reversed.

Judgment reversed, with directions to the circuit court to sustain the demurrer to the second paragraph of the reply, and for further proceedings not inconsistent with this opinion.

Filed March 12, 1890.