Filed January 19, 1893.

---

No. 640.

# LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY v. PARISH.

GARNISHMENT.— *Want of Jurisdiction of Principal Defendant. — Garnished Defendant.—Subsequent Suit on Garnished Claim.—Garnishee not Protected by Judgment in Garnishment.—Presumption of Jurisdiction.*—In an action on a money demand before a justice of the peace, in the State of Kentucky, by A. against B. and C., C. having been brought in by way of garnishment, B. being a resident of the State of Indiana, said justice of the peace issued for B. a process called a "warning order," notifying him of the pendency of said action, which order was mailed to B., and the only evidence of receipt of said order is by B. himself, who testified that he did not receive said notice until after the trial. B., not being further notified, and failing to appear at the trial, and failing to authorize any one to appear for him, a personal judgment was rendered against him, as the principal defendant, and against C., as garnishee, for $28.05. Upon said judgment an execution was issued, and C. paid the amount of the judgment. Subsequently to the above proceedings, B. commenced suit against

C. on said garnished claim, amounting to $40.97, and C. admitted the claim and pleaded in defense the judgment in the garnishment proceeding, and offered to confess judgment for $27.22, the residue owing the plaintiff.

*Quære*, was the judgment of the justice, in the garnishment proceeding, a defense, *pro tanto*, to the action on the garnished claim?

*Held*, that as the record of the justice proceedings failed to show jurisdiction of the subject matter and the person, and failing to prove such facts on the trial, such judgment could not constitute a defense, *pro tanto*, to the action on the garnished claim.

*Held*, also, that the presumption of jurisdiction will not obtain in favor of courts of inferior jurisdiction, nor in favor of actions that are special or summary, and that, in the exercise of special statutory powers, the statute must be strictly complied with.

*Held*, also, that if the court does not have jurisdiction of the principal defendant, a judgment rendered in such proceedings will not protect a garnished defendant in a subsequent suit by the principal defendant on such garnished claim.

JUSTICE OF THE PEACE.—*Matters of Defense.*— *When Necessary to Plead.*—In an action before a justice of the peace all defenses may be given in evidence without a plea, except limitation and set-off.

From the Orange Circuit Court.

*E. C. Field* and *W. S. Kennan*, for appellant.

*T. B. Buskirk* and *J. J. Lingle*, for appellee.

REINHARD, C. J.—This was an action by the appellee against the appellant, commenced before a justice of the peace for services rendered the company. On appeal to the court below, the appellee recovered. The facts are these:

The appellant operates a line of railroad through this State and into the city of Louisville, Jefferson County, Kentucky. The appellee is a resident of Orange County, Indiana, and a householder, entitled under the laws of this State to an exemption of $600 in property, from sale on execution for debt.

On the 11th day of August, 1890, the appellant being indebted to the appellee for services as above stated, one H. G. Gardner, in said city of Louisville, Kentucky, commenced a

suit against the appellee and one John H. Steers, as principal defendants, before a justice of the peace, in said city, for an alleged indebtedness, in which suit the appellant was summoned as garnishee, on account of the debt due from it to the appellee.   The appellant appeared in response to said summons and filed its answer admitting that it owed the appellant the sum of $40.97, but alleging that the appellee was a resident householder of Orange County, Indiana, that the entire property owned by him was worth less than $600, and that under the laws of this State he was entitled to an exemption of an amount equal in value to $600.   On the 11th day of November, 1890, a personal judgment was rendered by said justice of the peace at Louisville, against the appellee as principal defendant, and against the appellant, as garnishee, for $28.05, in favor of said Gardner.   Execution issued upon said judgment, and such proceedings were had that appellant subsequently, and before the bringing of this action, paid the amount of such judgment to said justice.   The appellant pleaded these facts in its answer below, and offered to confess judgment for $27.22, the residue owing to said appellee.   The answer was, however, subsequently stricken out by the court.   On the trial in the court below, the appellant introduced in evidence a certified transcript, in due form, from the Kentucky justice, showing, among other things, the nature of the process issued by him against the appellee as principal defendant in said cause.   This process is called a " warning order," and is a notice to the appellee, as defendant in said cause, that the same is pending, and when it will be heard and determined.   There was evidence tending to show that this notice had been duly mailed to the appellee at Louisville, directed to him at his postoffice in Orange County.   The only evidence of its receipt is by the appellee, who testified that he did not receive it until after the trial.   He also testified that he received a telegram from Louisville, on the day of the

trial, notifying him of the same. There was no other service upon the appellee, nor any appearance by him. It was further shown that the justice at Louisville appointed an attorney to defend said non-residents, Parish and Steers. It was not shown that Parish ever employed or authorized such attorney to appear for him, and it is admitted that he did not. Appellee also admitted that he had been told of the pendency of the suit at Louisville, and that the company had been garnished in such suit, by one of the attorneys for appellant. It is admitted that appellee was the owner of property not exceeding $600 in value.

The controlling question presented for our consideration is whether the judgment of the justice of the peace, of Jefferson County, Kentucky, is a defense, *pro tanto*, which the appellant can rightfully invoke, to this action. The court below, by rendering judgment for the appellee for the full amount of his claim, decided that it was not. The appellant contends that this was error.

It was said by Black, J., in a case recently decided by this court:

"When, in such an *ex parte* proceeding in attachment against a non-resident who makes no appearance, judgment is rendered against him without jurisdiction, a garnishee will not be protected by the judgment rendered against himself, or by his payment thereof, when he is subsequently sued by the principal defendant. The garnishee, for his own protection, must see that the court has jurisdiction of the principal defendant. Drake on Attachment, section 691, *et seq.; Matheney* v. *Earl,* 75 Ind. 531." *Louisville, etc., R. W. Co.* v. *Lake,* 5 Ind. App. 450.

Did it sufficiently appear that the justice at Louisville had jurisdiction of the person and subject matter of the principal defendant, the appellee in this cause? If so, the judgment rendered by him can not be attacked collaterally, and will be a full protection for the amount thereof

to the appellant. If not, there was no error in the judgment rendered by the court below.

It is claimed for the appellant that the process issued out of the Kentucky Court and called a "warning order," is authorized by the laws of Kentucky, and that, according to the rule of comity between the courts of different States, full faith and credit is due the same.

It is further insisted that as the record purports to be in due form, jurisdiction of the person and subject matter must be presumed; and it is also contended that, as there was no objection urged to the admissibility of the judgment in evidence, its probative force, to the full extent of what it purports to be, can not now be questioned.

It is true that both the laws of other States and judgments awarded by their courts, when properly authenticated, are entitled to the same faith and credit by our own courts as the laws and judgments of our own State. Section 454, R. S. 1881. Nor can it be a subject for controversy that certain presumptions are indulged in favor of the jurisdiction of courts of other States that have undertaken to exercise it.

This presumption, however, is subject to certain limitations. Thus, if the court is one of inferior powers, the rule is that the facts which give it jurisdiction must appear on the face of the record.

If the court is one of general or superior jurisdiction, and its powers are exercised in accordance with the usual form in common law or equity proceedings, the presumption will obtain; but, if the exercise of such power is special or summary, as where jurisdiction is exercised over non-residents, the record must disclose the jurisdictional facts. If the exercise is one of special statutory powers, the record must show that the statutes have been complied with.

Proceedings in attachment and garnishment are purely of statutory origin, and require a strict following of the

statutory provisions upon which they are predicated. Wade on Attachment, 551–7, 333; 1 Am. and Eng. Ency. of Law, 894.

If it be conceded that the transcript shows sufficiently the issuing and mailing of the warning order, and the appointment of an attorney for the appellee, the question still remains whether there was any statutory authority for this kind of constructive notice. Was it necessary for the appellant to prove this in order to make the judgment effective?

It is provided by statute in this State, that "in pleading a judgment or decision of a court or officer of special jurisdiction, it shall be sufficient to allege generally that the judgment or decision was duly given or made. If the allegation be denied the facts conferring jurisdiction must be proved on the trial." Section 369, R. S. 1881; *Terre Haute, etc., R. R. Co.* v. *Baker*, 122 Ind. 433.

It was not necessary, therefore, that there should have been any special plea setting up the Kentucky statute upon which it is claimed that the jurisdiction of the justice was based. But it was unnecessary for another reason: This action was commenced before a justice of the peace, and in such cases all matters of defense except limitation and set-off may be given without a plea. Section 1460, R. S. 1881.

For the same reason, it was equally unnecessary that there should have been any pleading denying the jurisdiction. All such pleas are put in for the parties by the statute, and such parties occupy exactly the same position as if such pleading had been filed.

It follows, therefore, the jurisdiction being denied, that the appellant was required to prove the jurisdictional facts giving validity to the judgment, or in other words to prove the special statute authorizing the particular process made in said cause.

Such jurisdictional facts were not shown. The kind of

notice given is provided for neither by our own statute nor the common law, and there is no proof that it is provided for by any law of the State of Kentucky.

The contention that no objection was interposed to the admission of the record in the court below can not avail the appellant. The judgment itself proves nothing. It shows a want of jurisdiction on its face, and is void: The court did right in refusing to give it effect.

Judgment affirmed.

