## R. Jackson & Company, Defendant in Error, v. Republic Iron & Steel Company, Plaintiff in Error.

## Gen. No. 13,881.

1. GARNISHMENT—*when demand pursuant to section 11 of act not essential.* A demand pursuant to section 11 of the Garnishment Act is not essential to the maintenance of an action if the defendant is a non-resident.

2. GARNISHMENT—*what essential to valid judgment in.* Jurisdiction of the court of a defendant is a primary indispensable requisite to support a judgment against a garnishee rendered in an attachment proceeding. No intendments are to be indulged in favor of the jurisdiction of a domestic court over a resident of a sister state.

3. EXEMPTIONS—*when laws of sister state will be enforced in Illinois.* A non-resident defendant whose wages were earned and payable in the state of Indiana is entitled to the benefit of the exemption laws of such state of Indiana.

4. ATTACHMENTS—*when court without jurisdiction.* › A municipal court has no jurisdiction of an attachment suit commenced, tried and adjudged within the second official district thereof in which such defendant had neither office, representative, property nor effects, service being had in the first judicial district.

Attachment. Error to the Municipal Court of Chicago; the Hon. M. F. GIRTEN, Judge, presiding. Heard in this court at the October term, 1907. Reversed and garnishee discharged. Opinion filed June 11, 1908. Rehearing denied June 24, 1908.

RUBENS, FISCHER & MOSSER, for plaintiff in error; RICHARD JONES, JR., of counsel.

FRANK FOSTER, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is a suit in attachment instituted in the Municipal Court of Chicago against James Arney, the debtor of plaintiff. The right to the attachment is grounded on the fact that Arney was a non-resident of the State of Illinois and resided in the city of East

Chicago in the adjoining State of Indiana. Appellant was summoned as garnishee.

In this opinion the parties will be referred to as plaintiff, defendant and garnishee, respectively.

The jurisdiction of the court of a defendant is a primary, indispensable requisite to support a judgment against the garnishee. No intendments are to be indulged in favor of the jurisdiction of a domestic court over a resident of a sister state. The genius and spirit of our laws are such that a party is never to be sued out of the jurisdiction of his residence except by special statutory provision to the contrary, and in that event the law compels every material condition of the statute to be complied with in letter and in spirit before assuming jurisdiction to adjudicate upon the rights of such non-resident.

The garnishee is a corporation existing in virtue of the laws of the State of New Jersey. It operates steel mills in the city of the residence of defendant, and maintains an office within the limits of the first judicial district of the Municipal Court in Chicago. This proceeding was commenced and tried and judgment rendered in the second district.

Defendant was an employe of the garnishee, and at the time of the service of garnishee process was indebted to the (defendant) in the sum of $107. The trial proceeded before the court without the intervention of a jury, and a statement of such proceedings had and the evidence heard appear in the record. From such statement it appears that the charter of the garnishee was granted by the State of New Jersey; that it was served with garnishee process at its office in the first district, and that it had neither office, representative, property nor effects in the second district. The answer of the garnishee disclosed the following facts: That defendant was employed by it at its works in East Chicago, Indiana; that his wages were earned and payable at said East Chicago; that he was the head of a family, residing with such family, within

the State of Indiana, and that as the head of a family he was entitled to an exemption under the Indiana statutes in the sum of six hundred dollars; that the garnishee in its answer claimed the exemption allowed by the Indiana statute for the defendant; that when garnishee process was served it owed defendant $107; that no demand in garnishment was made either upon defendant or the garnishee, prior to the commencement of the attachment suit.

The garnishee upon the trial objected to the jurisdiction of the court on the grounds above recited and for the additional reason that no property, moneys or effects of any kind or nature belonging to defendant were attached in the second district of the Municipal Court. It further objected because no demand was made on either defendant or garnishee before instituting suit. On the foregoing grounds the garnishee moved the court to dismiss the suit, but the trial judge refused so to do. Thereupon the garnishee claimed for the defendant the benefit of the exemption law of the State of Indiana, which the court refused to allow and proceeded to enter a finding against the garnishee for the sum of $98.50, and after overruling motions for new trial and in arrest of judgment gave judgment upon the finding, and the garnishee prosecutes this writ of error in an effort to reverse such judgment as being contrary to law.

A reversal is predicated upon three reasons urged upon us in argument: First, that no demand was made either upon defendant or the garnishee prior to the commencement of the attachment suit, as provided by section 11, chapter 32, R. S.; second, that the defendant was entitled to the exemption allowed by the statutes of the State of Indiana; and third, that the Municipal Court had jurisdiction of neither the defendant nor the garnishee, and that its judgment is therefore void.

It is our opinion that the provisions of the garnishee statute have no application to the case of a non-resi-

dent defendant, and we think it equally clear that the measure of exemptions allowed by our statute to the heads of families residing with them within this state is restricted in its operation to the domestic jurisdiction, and has no extra-territorial force. This we think is apparent from the provision of the Illinois statute hereinafter referred to. It is quite evident that the law-making power of this state anticipated a condition which we find obtaining in this record, viz: That the workingman in a foreign jurisdiction, with a resident master doing business or found within the State of Illinois, might be confronted with a garnishment of his wages by process of our courts, and that the exemption statute as drawn being confined in its beneficient operation to the heads of families residing with the same within this jurisdiction, such non-resident workingman might be without the right to claim any exemption. The legislature, in its wisdom, provided against such condition by enacting section 22, chapter 52, R. S., by which the exemptions allowed by the statutes of the state of the non-resident workingman was made operative when invoked in the jurisdiction in which he might be made to appear against his will. Section 22 reads:

"And whenever in any proceedings in any court of this State, to subject the wages due to any person to garnishment, it shall appear that such person is a non-resident of the State of Illinois, that the wages earned by him were earned and payable outside of the State of Illinois, the said person whose wages are so sought to be subjected to garnishment shall be allowed the same exemption as is at the time allowed to him by the laws of the State in which he so resides."

The answer of the garnishee was neither traversed nor its statements denied, consequently the truth of such statements stands admitted for the purposes of our review. The Illinois statutes *supra* make it encumbent upon the court, upon claim made and proof in support of such claim tendered, to allow to the defendant workingman the exemptions provided by

the laws of the state of his residence, and to protect his wages from being diverted from him to the payment of a domestic judgment. We find this Indiana exemption statute in section 715, Burns' R. S. Indiana of 1894. It provides: "An amount of property, not exceeding in value $600, owned by any resident householder, shall not be liable to sale on execution or any other final process from a court, from any debt growing out of or founded upon a contract, express or implied, after the taking effect of this Act." This Act has been in force since May 31, 1879. By section 714 it is provided:

"Before any person shall be entitled to the benefit of the provisions of the above recited act, he shall make out and deliver to the sheriff or other officer having the writ, an inventory of all of his or her real estate, within or without this State, money on hand or on deposit within or without this State, rights, credits, and choses in action, and all personal property of every description whatever belonging to him or in which he had any interest at the date of the issuing of the writ, and make and subscribe an affidavit to the same that such inventory contains a full and true account of all such property as required in this act to be set out in the said inventory, had or held by him at the time such writ was issued; and if any such property has been disposed of by him since the issuing of the writ, such affidavit shall show that fact, and how the same has been disposed of, and what disposition he has made of the proceeds; and until such inventory and affidavit shall be furnished to such officer, he shall not set apart any property to the execution defendant as exempt from execution."

It is contended by plaintiff's counsel that because the requirements of section 714 were not complied with by defendant, that, even conceding the exemption allowed by the Indiana statute might be claimed by the defendant, still, because of such failure he is not entitled to invoke the benefit of the Act; that compliance with such requirements is a prerequisite of reaping its benefits.

We might be inclined so to hold if the Indiana courts had not put an interpretation upon this statute to the contrary. The case of Terra Haute & Indianapolis R. R. Co. v. Baker, 122 Ind. 433, is strongly in point and would seem to be decisive. The court say:

"It was the duty of the appellant to avail itself of all legal means to prevent a judgment against it when garnisheed. As the wages for which the appellant sues were not subject to garnishment in the hands of appellant, either by the laws of Indiana or under the laws of Missouri, it was the duty of the appellant to interpose that defense, and, having failed to do so, it cannot now have credit for the amount thus unnecessarily paid. Generally the garnishee is regarded and treated as a mere stakeholder between the parties, but the class of cases now before us constitutes an exception to the general rule."

The wages in the Baker case were garnisheed in Missouri and paid. Nevertheless the Indiana court held that it was the duty of the master to protect the servant's wages from garnishment to the extent of claiming the exemption, and it having failed to do so, gave judgment for the amount due the servant.

Unlike the master in the Baker case, this garnishee has claimed the exemption allowed the defendant under the Indiana statute, for the defendant, and having done so, it was the duty of the Municipal Court to allow such claim for exemption, and not to have proceeded further in the case.

As we have above noted, to entitle the courts of this state to exercise jurisdiction over a resident of a foreign state, all the material requirements of the statute conferring jurisdiction must be substantially complied with.

Section 29 of the Municipal Court Act provides that attachment suits brought against non-residents may be brought in any district where any property of the defendant is levied upon within such district, or any garnishee resides or is found in such district. Pro-

vision is also made for transferring a case brought in the wrong district to the court in the district in which it should have been brought in the first instance. A compliance with this provision we hold essential to clothe the Municipal Court with jurisdiction. It cannot be dispensed with. The proof, uncontradicted, is that the defendant was a non-resident; so also was the garnishee. No property of the defendant was found within the second district. The garnishee had no property or representative within the second district. It had an office and property within the first district. It was served with the garnishee writ within the first district. Before the Municipal Court could be vested with jurisdiction of the defendant, property belonging to him subject to attachment must there be found. To confer upon the court jurisdiction of the garnishee, it must reside or be found within the second district or have property found and attached within the second district. Neither of these conditions prevailed. The garnishee was found and served in the first district. Such service was insufficient to confer jurisdiction as to the garnishee. And as the only method of conferring jurisdiction as to the defendant rested in the court's having jurisdiction of the garnishee, it is evident that the court had no jurisdiction to proceed with the cause or enter the judgment complained of. The court might have transferred the case for trial to the court in the first district, but it saw fit not to do so.

The judgment of the Municipal Court being void is reversed and the garnishee is discharged.

*Reversed and garnishee discharged.*