# MATTERS OF PRACTICE.

## WINDSOR COUNTY,

SEPTEMBER TERM, 1853.

A. GODDARD *v.* COLLINS & HOLDEN AND TRUSTEES.

*Practice.   Trustees—when entitled to costs.*

If the trustee excepts, and fails in the Supreme Court, upon his exceptions, he cannot tax costs, but must pay costs to the plaintiff.

But if the creditor excepts to a judgment rendered against the trustee, and by carrying the case into the Supreme Court, gets the judgment modified, the trustee is still entitled to tax costs, inasmuch as he still remained passive, and did not become the actor, in the removal of the case to a higher tribunal.

But when the trustee takes proceedings, to remove the case into another court, by exceptions or appeal, he does it at his peril, as respects costs.

BY THE COURT.   In this case a question was made, in regard to taxing costs on behalf of the trustees, in this court.   The court held, that if the trustee excepts and fails in the Supreme Court, upon his exceptions, he cannot tax costs, and must pay costs to the plaintiff.   But if the creditor, excepts to a judgment rendered against the trustee, and by carrying the case into the Supreme Court, gets the judgment modified, the trustee is still entitled to tax costs, inasmuch, as he has still remained passive, and not become the actor, in the removal of the case, to a higher tribunal.   He being a mere stake holder, is not regarded as being in fault, in submitting to any judgment, the court, having jurisdiction of the matter, shall render against him.   But, when he takes proceedings, to remove the case into another court, by exceptions as well as appeal, he does it at his peril, as respects costs.   It is in analogy, to the provisions of the statute in regard to appeals by trustees, from the decision of a justice.