## MICHAEL MORRISON *vs.* NEW BEDFORD INSTITUTION FOR SAVINGS.

By the Rev. Sts. *c.* 109, § 47, a judgment against any one as a trustee in foreign attachment acquits and discharges him from all demands by the principal defendant for money paid by the trustee upon an execution issued on the judgment, if the officer's return shows due service of the trustee process upon the principal defendant and the trustee, even if the principal defendant was not actually served with notice, and did not appear.

ACTION OF CONTRACT to recover seventy five dollars deposited by the plaintiff with the defendants.

At the trial in the court of common pleas, before *Morris,* J., the defendants admitted the deposit; but proved that they had paid the money to William Morrison, on an execution issued upon a judgment of the police court of New Bedford, charging them as trustees of Michael Morrison, in a process of foreign attachment, in which damages were laid at one hundred dollars, and William and Michael were both described as inhabitants of New Bedford, and these defendants as doing business at New Bedford, and upon which process the officer's return showed that he had, within the county of Bristol, delivered a true and attested copy of the process to the trustees, and left a similar copy at the last and usual place of abode of the principal defendant.

The plaintiff contended that these defendants must go further, and prove that the trustee process was duly served upon this plaintiff. But the court refused so to rule.

The plaintiff then offered to prove that at the time of the commencement of the trustee process he resided in Lowell in the county of Middlesex, and had no residence in this county; and to prove by parol evidence that that process was served upon him by leaving a summons at the house of William, and that he had no notice thereof. But the court held that the trustees were protected by the judgment against them, and by payment on the execution; and rejected the evidence.

The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*T. D. Robinson,* for the plaintiff.

*T. M. Stetson,* for the defendants.

23 *

DEWEY, J.    The Rev. Sts. *c.* 109, § 47, enact in direct terms that " the judgment against any person as a trustee shall acquit and discharge him from all demands by the principal defendant, or his executors or administrators, for all goods, effects and credits paid, delivered or accounted for by the trustee by force of such judgment." The demand of the plaintiff in this action is for a credit which the defendants allege they have paid and accounted for under a trustee process, in which this plaintiff was the principal defendant, and in which the present defendants were summoned as his trustees.

The only further inquiry is, whether there was such a judgment, and payment thereon by the present defendants. The payment by the trustees upon such judgment is not denied; but it is said that judgment was invalid and insufficient, for want of proper service upon the principal defendant.

It is admitted that the case was within the general jurisdiction of the court, and that the parties were capable of suing and being sued ; and the only objection taken to the judgment is the want of proper service upon the defendant in that action, he at that time, as it is said, residing in Lowell in the county of Middlesex. But the writ described him as residing in New Bedford, and the service purported to have been made upon him within the county of Bristol, by leaving at his last and usual place of abode a true and attested copy of the writ. And the writ was duly served upon the trustees.

The judgment is on its face therefore a valid judgment. There were proper parties, and apparently a proper service. In such case, the judgment cannot be treated, by a party against whom it was rendered, as a nullity ; but he must resort for his remedy to his writ of error or review, as he may find expedient, if in fact he was not a resident of New Bedford, and no legal service was made.

This judgment, in its present state, is certainly a good defence for the trustees. Whether, if a reversal be had of the judgment upon a writ of error against the plaintiff in the former suit, it will have any effect upon the right of the trustees, it is not necessary now to determine.        *Exceptions overruled.*