LEVI F. WEBSTER *vs.* CITY OF LOWELL.

A judgment against a trustee, in a police court, discharges him from all claim by the defendant in the suit for money paid by him upon the judgment, although the decision of the police court was erroneous and he did not appeal.

CONTRACT. Upon an agreed statement of facts, which are stated in the opinion, judgment was rendered in the superior court for the defendants, and the plaintiff appealed to this court.

*D. S. Richardson,* for the plaintiff.

*T. H. Sweetser & W. S. Gardner,* for the defendants.

CHAPMAN, J. It is not denied that the plaintiff had a claim against the defendants amounting to $7.50, for money due to him for the performance of military duty in 1857. The compensation to soldiers and the mode of payment are provided for by *St.* 1849, *c.* 218, § 7. The money due to the plaintiff had been paid by the Commonwealth into the city treasury, and the plaintiff had demanded it before this action was brought. The defendants deny their liability to pay it, because they say that

in an action in favor of one Hilton against the plaintiff, in which they were summoned as his trustees, they were adjudged to be his trustees on account of this money, that execution issued on this judgment, and they have paid over the money on the execution ; and so they say that, under Rev. Sts. *c.* 109, § 47, they are acquitted and discharged from this demand.

The judgment was rendered in the police court of the city of Lowell, and it is alleged and admitted that they did not appeal from it.   The plaintiff thereupon replies that the judgment was erroneous, because the defendants received the money as public officers, and so it was not subject to be attached by trustee process, but was exempted from that process by Rev. Sts. *c.* 109, § 30.   And he says it was the duty of the defendants to appeal from the erroneous decision by which they were charged, and to obtain a correct decision in a higher court.   He further says that it was a question in which he had no opportunity to be heard, because the statute makes no provision for giving him a hearing ; that *c.* 109, §§ 17–21 relate only to third parties who may be claimants of the fund, and these are the only sections under which any claimant may contest the plaintiff's right to have judgment against the trustee.   And therefore he says that he ought to have the right to question the judgment in this collateral manner, and is not bound by it.

If the premises were true, there would be some reason for the conclusion.   But it is not true that he had not an opportunity to be heard on the question.   A party to a suit may always be heard on all questions arising in the suit, in which he has any interest.   No matter what may be the form of the issue, or who may be the nominal parties to it, courts will always protect the rights of the parties in interest, and give those parties a hearing In some cases the protection of parties in interest is carried to great lengths, and the parties to the record are not permitted to take any part in the management of the cause, or in its adjustment; but the sole control is given to persons whose names do not appear.   It was not necessary that §§ 17 to 21 should provide for summoning in a defendant.   Their object was to provide for parties whose interest in the fund was disclosed, but who

could not otherwise be bound by the judgment. But when money due to a defendant is exempt from attachment, as in a case like the present, or in case of a debt for services not exceeding twenty dollars, (Gen. Sts. *c.* 142, § 29,) the defendant himself is the claimant, and is summoned to defend every part of the case in which he is interested. He may appeal in his character of defendant; and his appeal carries up the whole case. He may defend his right in the higher court as claimant, and contend that the goods, effects and credits in the hands of the trustee are not subject to attachment. In order to appear as a claimant, he must obtain leave of court to appear and maintain his right. Rev. Sts. *c.* 109, § 17. And if he does not appeal, but suffers the judgment to stand, it is conclusive upon him, and cannot be questioned collaterally.

*Judgment for defendants affirmed.*