WIGWALL v. THE UNION COAL AND MINING COMPANY.

1. **Garnishment:** LIABILITY OF GARNISHEE. If the garnishee answers fully as to all the facts known to him, and judgment against him is rendered thereon, which he afterward pays, such judgment and payment furnishes him complete protection against a subsequent claim of the principal debtor for the amount so paid, on the ground that the indebtedness of the garnishee to him was for services, the proceeds of which were exempt from execution.

2. —— Having notice of such proceeding it was his duty to appear and interpose his claim of exemption, and if the judgment against the garnishee was erroneous, to appeal therefrom. Having failed in this, he cannot collaterally assail it.

*Appeal from Wapello Circuit Court.*

FRIDAY, SEPTEMBER 19.

THIS action was commenced November 27, 1872, to recover a balance due for work done in September and October of that year. The defendant avers the payment of said balance under process of garnishment and judgment thereon, to Harris & Co., judgment creditors of plaintiff. The plaintiff claimed that he was a married man and the head of a family when such services were rendered, and that the wages therefor were exempt. The case was tried to the court, who found the facts in substance as follows: The defendant was indebted to plaintiff in the sum claimed, $35.22, balance for personal services rendered within ninety days before the garnishment, and also of the bringing of this suit; that the defendant was garnished as the debtor to plaintiff, in an attachment suit against him by Harris & Co.; that the defendant was adjudged to pay and had paid the full amount of said balance to Harris & Co. under said garnishment; that plaintiff was in fact the head of a family, and had told one of defendant's employees that fact, and he had communicated it to the clerk of the defendant, who made the answer, and the clerk stated the fact to the jus-

tice of the peace when he made the answer for the defendant as garnishee; but the justice did not embody that statement in the written answer, nor did defendant or its employees know that plaintiff was in fact the head of a family; that the plaintiff knew of the garnishment and of the time fixed for answer, and during the hour set for the answer went twice to the justice's office and found it closed, and when he went the third time he found that defendant had answered and judgment had been rendered against it. Neither party took any steps to set aside or appeal from that judgment, and defendant afterward paid it. On these facts the court rendered judgment for plaintiff for the balance as claimed. The defendant appeals.

*William McNett* for the appellant.

*W. W. Cory* for the appellee.

COLE, J. — The defendant in this case has once paid the amount due plaintiff to a creditor of his, whereby plaintiff has had the full benefit of it. The defendant ought not to be required to pay the amount a second time unless guilty of some negligence or wrong toward plaintiff. The finding of facts show that the defendant answered truly and fully every known fact, and also stated that the plaintiff herein, its creditor, claimed to be the head of a family, whereby the debt sought to be garnished would be exempt. The plaintiff herein was a party to the case, and was fully notified of the garnishment proceedings. It was his duty to furnish defendant the information and means to prove the fact, or himself to prove it. *Walters* v. *Wash. Ins. Co.*, 1 Iowa, 404; Drake on Attachment, §§ 717 and 718, and cases cited; *Wood* v. *Partridge*, 11 Mass. 488. The plaintiff having notice of the garnishment proceedings, and being in effect a party thereto, is bound or concluded by the judgment therein as well as the defendant. It was his privilege and duty, if that judgment was erroneous, to have it set aside or appeal from it. He cannot allow it to stand, and at the same time impeach it collaterally. The garnishee having answered truly and fully and in good faith is entitled to protection.                    Reversed.