The Chicago, St. Louis and Pittsburgh Railroad Company *v.* Meyer.

Judgment affirmed.

Filed Dec. 21, 1888; petition for a rehearing overruled Feb. 16, 1889.

No. 13,576.

## THE CHICAGO, ST. LOUIS AND PITTSBURGH RAILROAD COMPANY *v.* MEYER.

ATTACHMENT.—*Garnishment.*— *Wages of Employee.*—*Defence.*—*Duty of Employer to Make.*—*Liability Notwithstanding Judgment.*—*Railroad.*—A railroad company is not bound to make a defence for an employee in proceedings against him in another State in which it is summoned as garnishee, and its failure to do so does not render it liable to the employee for the wages in its hands, notwithstanding the judgment in the garnishment proceeding.

From the Cass Circuit Court.

*N. O. Ross* and *G. E. Ross,* for appellant.

*F. Swigart,* for appellee.

Howk, C. J.—This suit was commenced by appellee, Meyer, before a justice of the peace of Cass county, to recover certain moneys alleged to be due him, as a laborer, from the appellant herein. Before the justice, appellee recovered judgment for the full amount of his claim. On appeal from such judgment, the cause was tried by the court below; and, at appellant's request, the court made a special finding of the facts herein, and thereon stated its conclusions of law. Over appellants exceptions to the court's conclusions of law, and its motion for a new trial, the court rendered the judgment for appellee from which this appeal is now here prosecuted.

In this court, appellant's learned counsel first insist, in argument, that the trial court erred in its conclusions of law upon the facts specially found. The facts so found by the court were substantially as follows:

1. The plaintiff was in the employment of the defendant, upon its railroad, in the months of April, May and June, 1886, and compensation for the services rendered in each month became and was due on the pay-day for that month, which was on the 19th day of the succeeding month.

2. The plaintiff performed labor in the month of April, amounting to $29.25; in May, amounting to $27.50, and in June, amounting to $21.50, and altogether amounting to the sum of $78.25.

3. On the 13th day of May, 1886, Herman Nathan and Leopold Strauss commenced their action in attachment before David J. Lyon, a justice of the peace of Cook county, in the State of Illinois, against Blazius Meyer, the plaintiff herein, to recover the sum of $48.95; and the defendant, the Chicago, St. Louis and Pittsburgh Railroad Company, was garnisheed to appear before said court in said cause and answer as to its indebtedness to said Meyer. Said railroad company, on the 29th day of June, 1886, in answer to the garnishee summons in said cause, answered that it was indebted to said Meyer for services in the sum of $40, and claimed for him that he was entitled to an exemption of $50.

Notice of the commencement and pendency of said proceedings was given said Meyer by publication, as required by the statute of the State of Illinois. On the 29th day of June, 1886, said defendant appeared for the plaintiff, by its attorneys, before said court in said cause, and filed the plaintiff's affidavit therein, as follows:

"State of Indiana, Cass County, ss:

"Blazius Meyer, being by me first duly sworn, according to law, upon his oath saith that he is a married man, the head of a family, and he resides with his family; that his said family are entirely dependent on his services for support; that he is a laborer, in the employment of the Chicago, St. Louis and Pittsburgh Railroad Company; that his earnings, in said employment, are less than $50 per month and are necessary for the support of his family; that he has no other income, and his family consists of himself, wife and two children; and that said sum is exempt from execution, attachment and all other writs against him, and he claims it as such.            (Signed)            Blazius Meyer."

At the time of the commencement and determination of said cause before said justice there was in force in said State of Illinois a statute of said State in these words, to wit: "The wages and services of a defendant, being the head of a family and residing with the same, to an amount not exceeding fifty dollars, shall be exempt from garnishment. In case the wages or services of such defendant, in the hands of a garnishee, shall exceed fifty dollars, judgment shall be given only for the balance above that amount."

Said Meyer, under said statute, was entitled to have said sum due him from said railroad company exempt from said attachment and garnishment proceedings. Said court had jurisdiction of the subject-matter of said proceedings, and of the persons of said Meyer and said railroad company, and said attachment and garnishee proceedings conformed to the provisions of the statutes of the State of Illinois. Afterwards, on the 29th day of June, 1886, a judgment was ren-

dered by said court in said cause for the sum of $40 against said railroad company and in favor of said Meyer, for the use and benefit of said Herman Nathan and Leopold Strauss. Said judgment has not been paid, but has been appealed from by said railroad company, as such garnishee defendant, to the circuit court of Cook county, Illinois, and is now there pending.

3½. During the months of May, June, July and up to the present time, the plaintiff herein was a married man, and was the head of a family, and resided with the same in Logansport, Cass county, Indiana.

4. On the 19th day of May, 1886, and on the same days of June and July thereafter, plaintiff demanded pay for his labor of defendant's paymaster, who informed plaintiff of said attachment and garnishee proceedings, and offered to pay him the excess due him over and above the forty dollars that defendant had answered in said proceedings in garnishment was due him, and plaintiff refused to receive any part unless the whole amount of his wages was paid him. Plaintiff's attorney's fees for prosecuting this action are worth $25.

5. At the time of the institution of the proceedings in Chicago, Illinois, the defendant herein knew that the plaintiff was at the head of a family and resided with the same in Logansport, Cass county, Indiana.

6. After defendant had filed its answer in garnishment and the plaintiff's affidavit, defendant's attorneys made no further defence to the action, except to appeal from the judgment, as found in finding No. 3.

7. Plaintiff knew that the defendant was making the defence aforesaid.

Upon the foregoing facts the court stated the following conclusions of law:

" 1st. The amount due the plaintiff from the defendant was not, and is not now, subject to the garnishment proceedings of Nathan and Strauss.

" 2d. It was the duty of the defendant to make a *bona fide*

defence to the garnishee proceedings, and for its failure to do so it is not protected.

"3d. The plaintiff is entitled to recover from the defendant $78.25, without penalty or attorney's fees.

(Signed)          "M. WINFIELD, Judge."

It is apparent, we think, from the facts specially found by the court in this case, that the judgment below can not be sustained if it can be correctly said that the court erred in holding as matter of law that " it was the duty of the defendant to make a *bona fide* defence to the garnishee proceedings, and for its failure to do so it is not protected." We are of opinion that the court below clearly erred in concluding as matter of law, upon the facts specially found, that it was the duty of the defendant herein to make any defence for the plaintiff, Meyer, *bona fide* or otherwise, to the garnishee proceedings in Cook county, Illinois. There were no facts found by the trial court which could justify an inference even that at the time of the institution of such proceedings in garnishment, and at all times since, Blazius Meyer was not and had not been a man of sound mind and mature years, and fully capable of interposing or causing to be interposed, at the proper time and place, every defence he had, or thought he had, legal or equitable, to such proceedings. Nor were any facts found by the court which would authorize the conclusion, whether of law or fact, that it was the duty of the defendant or of its attorneys, as such, to make any defence whatever for or on behalf of plaintiff Meyer to the proceedings in garnishment.

The court found as facts that defendant's attorneys appeared for the plaintiff and filed his affidavit in the suit in attachment in Cook county, Illinois, and further that such attorneys made no other defence to such suit except to appeal from the judgment therein. His affidavit so filed failed to show, and the court failed to find, that plaintiff Meyer had any other available defence to such suit in attachment except the one attempted to be stated in such affidavit, or, if he had

such other defence, that he had ever informed " defendant's attorneys " of the nature and extent of such defence. The court found, as its seventh and last finding of fact, that "plaintiff knew that the defendant was making the defence " stated in his affidavit. Of course he knew that such defence was being made for him by " defendant," or its attorneys, and as it nowhere appears that he ever objected to the action of defendant or its attorneys in making such defence, it must be assumed that the defence was made for him with his consent, at his request and by his authority. But the court wholly failed to find that plaintiff Meyer ever requested or authorized " defendant " or its attorneys to make any defence for him, *bona fide* or otherwise, in such suit in attachment, except the one attempted to be stated in his affidavit.

Upon the case under consideration, as made by the court's special findings of facts, we are of opinion that it never became or was the legal duty of the defendant herein to make any defence whatever for plaintiff Meyer in such suit in attachment. It follows, therefore, that the court below clearly erred in its second conclusion of law above quoted, and that, as the judgment of the trial court is and must be rested upon this conclusion, the error is fatal, and requires the reversal of the judgment. But as the facts found specially by the court do not authorize the rendition of a judgment for the defendant herein, we can not remand the cause with instructions to enter such a judgment. *Shannon* v. *Hay*, 106 Ind. 589.

The judgment is reversed, with costs, and the cause is remanded for a new trial and for further proceedings, etc.

Filed Jan. 5, 1889; petition for a rehearing overruled Feb. 23, 1889.