## NEVIAN v. POSCHINGER.

[No. 2,724. Filed January 23, 1900.]

JUDGMENTS.—*Execution.*—*Stay.*—*Garnishment.*—*Collusion.*—Where defendant, for the purpose of delaying the collection of a note sued upon, caused an action in attachment and garnishment to be instituted against the payee of the note in which defendant was joined as a garnishee, he is not entitled to a stay of execution, without bail, on the judgment to the extent of the amount claimed in the garnishee proceeding.

From the Floyd Circuit Court. *Reversed.*

*C. L. Jewett* and *H. E. Jewett,* for appellant.

*H. M. Dowling,* for appellee.

WILEY, C. J.—Suit by appellant upon a note for $2,200. To the complaint, which was in the usual form, appellee answered in three paragraphs, as follows: (1) General denial; (2) plea of payment; (3) a partial answer, going to the sum of $1,691.54 of the amount due, in which it is averred that, prior to the commencement of this action, the New Albany Ice Company, a Kentucky corporation, brought an action in the Jefferson Circuit Court in said state against appellant to recover a debt amounting to $1,691.54, alleged to be due said company from appellant; that proceedings in attachment and garnishment were also taken in said action, and that appellee was summoned as garnishee, it being charged that he was indebted to appellant in the sum of $1,691.54; that appellee was not indebted to appellant in any other sum; that said proceedings are yet pending in said Jefferson Circuit Court, and that appellee is liable to pay the said sum of $1,691.54 into said court upon its order. The prayer of this paragraph of answer is that appellee "prays judgment as to said sum of $1,691.54, whether the plaintiff ought further to prosecute his said action." Appellant replied to the second and third paragraphs of answer in two paragraphs. The first was a general denial; the sec-

ond was affirmative matter in avoidance of the third paragraph of answer, but as a demurrer was sustained to it, and no question is presented arising thereunder, it need not be noticed further. There was a trial by jury, which resulted in a general verdict for appellant for the full amount of principal and interest due on the note. The jury also found specially as to specific facts, inquired of them by way of interrogatories. Judgment was rendered on the verdict in favor of appellant, and, on appellee's motion, the court entered an order staying execution without bail as to $1,691.54, until the determination of the action set up in the third paragraph of answer. Appellant excepted to such action of the court. He also moved to modify the judgment by striking out all that part of it relating to the stay of execution, which motion was overruled, and he excepted. While the assignment of errors contains several specifications, the real and only question presented is the action of the court in ordering the judgment stayed as to the sum of $1,691.54, and in overruling appellant's motion to modify. The determination of either of these questions must necessarily settle the other.

Before entering upon a discussion of the principle involved, it is necessary to state the facts specially found, for they may materially aid us in arriving at a correct conclusion. The facts specially found are as follows: That no judgment had been rendered in the proceedings in the Kentucky court; that appellee had not filed an answer as garnishee therein; that appellee himself caused said action to be commenced; that appellee is making a defense in said action; that appellee is interested in having said action determined in favor of the New Albany Ice Company; that appellee will be benefited to a greater extent than all others in having said action decided in favor of said company; that appellee himself instituted said action for the purpose of delaying the collection of the note sued on in this action. It was also found that the New Albany Ice Company, on June 7,

1897, instituted an action in the Kentucky court, as charged in the third paragraph of answer, against appellant to recover $1,691.54, alleged to be due from him; that in said action appellee was summoned to answer as a garnishee; that said action was still pending, and that the amount due on the note, less $1,691.54, was $623.16.

The evidence is not in the record, and from the pleadings and facts specially found we are to determine whether or not the trial court was authorized in ordering a stay of execution without bail as to $1,691.54 of the judgment, until the further order of the court, "to be made upon the determination of the cause" pending in the circuit court of Jefferson county, Kentucky, as set forth in the third paragraph of answer. Of the power and authority of a court of general jurisdiction to stay execution as to a judgment, or any part thereof, which it has rendered, where the facts warrant, and upon such terms as it may fix within legal or equitable rules, we have no doubt; but the exercise of such power or authority ought to be invoked in the clearest cases only, and where, without it, irreparable injury to one or the other of the parties to the judgment would follow. Appellee seeks to uphold the action of the court below in ordering a stay of execution upon two grounds: (1) That the Floyd Circuit Court was bound to give full faith and credit to the judicial proceedings of the court in Kentucky, when the same were properly brought to its notice; (2) where a debtor is joined as a garnishee in an attachment suit brought against his creditor by a third party, and the debt is thereby sought to be reached in the garnishee's hands, justice demands that no subsequent suit by the attachment defendant against the garnishee shall prejudice the rights of the latter while the prior suit is pending. In a very able brief, in which counsel for appellee has cited many authorities, our attention is called to the fact that three courses have been adopted and pursued by the courts to protect garnishee defendants in subsequent suits against them as debtors to former attach-

ment defendants: (1) To allow a plea of the pending garnishment proceedings to be given in bar of the main action on the debt. (2) To allow such former suit to be pleaded in abatement of the subsequent action against the garnishee. This course has been pursued where, as in this case, the former action was commenced in a state foreign to that in which the principal action was brought. (3) To grant a continuance of the cause, or render judgment for the full amount of the debt with a stay of execution as to the whole or a part of the judgment, until the attachment and garnishee proceedings are finally determined. With these propositions we fully agree with counsel for appellee, but as the court below pursued the latter course, it is the only one we need consider.

In *Blair* v. *Hilgedick*, 45 Minn. 23, 47 N. W. 310, the court said: "When the defendant in an action is garnisheed by a creditor of the plaintiff therein, we apprehend the practice is for the court, on the proper application, to stay all proceedings before judgment, or permit judgment to be entered, with stay of execution as to the whole or a part of the judgment, as circumstances may require."

In *Montgomery, etc., Co.* v. *Merrick*, 61 Ala. 534, the court said: "When, as in the present case, the suits are pending in different courts, the court in which the defendant is suing the garnishee will, on a proper application, stay proceedings until the garnishment is determined, or render judgment with a stay of execution, which can be subsequently removed, or rendered perpetual, in whole or in part, as justice may require." To the same effect are the following cases: *Yazoo, etc., R. Co.* v. *Fulton*, 71 Miss. 385; *Crawford* v. *Slade*, 9 Ala. 887; *McFadden* v. *O'Donnell* 18 Cal. 160; *Howland* v. *Chicago, etc., R. Co.*, 134 Mo. 474. There are many other cases in harmony with the above, but they need not be cited. We have examined all the cases cited by appellee, and many others. In none of the cases, however, was the question of the *bona fides* of the attachment and garnishment proceedings questioned.

The order in this case staying execution as to $1,691.54 of the judgment was not made upon any application or proceeding where the parties could join issue and litigate the question before the court, but was made after verdict was returned, and after appellee's motion for a new trial had been overruled, upon his unsupported motion. Appellee's motion for stay of execution was based *"upon the proof in said cause,"* as expressed in the motion. The evidence, as we have seen, is not in the record, and hence we have no means of knowing what the "proof in said cause" was upon the question of appellee's right to have stay of execution. We must be guided, therefore, by the facts specially found. By their answer to question seven, the jury found that appellee caused the action in attachment and garnishment in the Kentucky court to be instituted "for the purpose of delaying the collection of the note sued on in this action". It was also found that that action was commenced June 7, 1897, and though this cause was not tried till January 2, 1898, appellee had not filed, at the time of the trial, his answer as a garnishee defendant. It was also found, as a fact, that appellee caused said action of attachment and garnishment to be instituted. These facts show beyond doubt that the proceedings in the Kentucky court were commenced in bad faith, with the sole end and only purpose in view of delaying and hindering the collection of the note here in controversy. We can not believe, under such facts, that appellee was entitled to any "equitable relief", as contended for by his learned counsel. It can not be the law that a garnishee, by collusion with his attachment plaintiff, can prejudice the rights of his *bona fide* creditor in the collection of his debt. In other words, garnishment can not borrow aid from the voluntary acts of the garnishee, as declared by Mr. Drake in his work on attachment. He says: "Garnishment rests wholly on judicial process, and depends upon the due pursuit of the steps prescribed by law for its prosecution. It can borrow no aid from volunteered acts of the garnishee.

Such acts will be regarded as void, so far as they interfere with the rights of third parties." Drake on Attach. (4th ed.), §451b. At §714, Drake on Attach., it is said: "In order to entitle one to plead an attachment as a conclusive defense, there should be no neglect, collusion, or misrepresentation on his part, in the progress of the attachment suit." A garnishee, in the eyes of the law, is a mere stakeholder, a custodian of the property or funds in his hands attached. He has no pecuniary interest in the matter, he does not have to pay costs, and he has discharged his full duty when he has let the law take its course between the original litigants. He has no right to favor one party more than another, and he should stand and act indifferent, and without prejudice to either party. See *Schindler* v. *Smith*, 18 La. Ann., 476. A garnishee must be a third person so far as the parties to the attachment proceedings are concerned. See Wade on Attach. §341.; *Crosby* v. *Harlow*, 21 Me. 499; *Hoag* v. *Hoag*, 55 N. H. 172. It is just and equitable that a garnishee should be protected, to the end that he may not be compelled to pay the same debt twice, but to entitle him to such protection he should stand indifferent and without favor between the attachment plaintiff and defendant, and should act in the utmost good faith, to the end that the rights of all parties in interest may be fully protected. It would indeed be a monstrous, unjust, and unconscionable rule to allow a garnishee to stand behind and use as a shield to prevent the collection of a just debt a colorable litigation, conceived and begun and prosecuted by him, and which was instituted to prevent the collection of the debt for which he is sued. To uphold the action of the lower court in ordering that the judgment rendered in favor of appellant should be stayed as to $1,691.54 of it, we would have to subscribe to the rule which we have just characterized as "monstrous, unjust, and unconscionable." This we can not do.

Upon the record as it comes to us, the court was not authorized or warranted in ordering, that, as to $1,691.54 of

the judgment rendered, no execution should issue until the determination of the cause of action in the Jefferson Circuit Court, in the state of Kentucky, of the New Albany Ice Company against appellant, as attachment defendant, and appellee as garnishee defendant. The appeal is sustained, and the court below is directed to overrule appellee's motion to stay execution as to $1,691.54 of the judgment, and to strike out all that part of the judgment and order pertaining thereto.