### BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY *v.* ADAMS.

[No. 19,765.    Filed January 28, 1903.]

ATTACHMENT AND GARNISHMENT.—*Judgment.*—*Payment.*—*Bar of Action by Original Creditor.*—Where a garnishee, in compliance with a judgment of a foreign court of competent jurisdiction, has been compelled to pay a debt to another, after notice of the suit to the principal debtor and a full disclosure of the material facts known to the garnishee, such judgment may be pleaded in bar of an action on the claim by the original creditor.    *pp. 688-694.*

SAME.—*Judgments.*—The fact that the original creditor obtained a judgment on his claim in this State before a judgment thereon in attachment was rendered in another state was in no wise inconsistent with the latter judgment.    *pp. 694, 695.*

From Jackson Circuit Court; *T. B. Buskirk*, Judge.

Action    by Charles Adams against the Baltimore & Ohio Southwestern Railroad Company.    From a judgment for plaintiff, defendant appeals.    *Reversed.*

*Edward Barton, O. H. Montgomery, H. D. McMullen, C. W. McMullen* and *H. R. McMullen*, for appellant.
*J. H. Shea* and *C. E. Wood*, for appellee.

GILLETT, J.—Appellee commenced this suit before the judge of the city court of Seymour to recover for services

performed by him.   There was an appeal to the court below.   In the latter court appellant asserted a partial defense, based on the fact that it had been garnisheed before a justice of the peace in the state of Kentucky on account of the indebtedness here sued for, and that it had been compelled to pay the judgment of garnishment rendered in said cause. The record of the justice of the peace was exhibited, and a full showing made as to the statute and unwritten law of Kentucky relative to his jurisdiction.  There was a finding and judgment for appellee in the circuit court for the full amount of his claim.   Appellant unsuccessfully moved for a new trial.   By a proper assignment of error, based on the overruling of said motion, appellant questions the correctness of the finding below, and here contends that "the decision of the court is contrary to law, in this, that it does not give full faith and credit to the records and judicial proceedings of the state of Kentucky."

It is not necessary to set out the proceedings of said Kentucky court in detail, further than to state that appellee had personal notice of said suit.   No question is raised as to the jurisdiction of the Kentucky court over the *res,* or as to its jurisdiction over the parties litigant in this action.   See, upon the subject of jurisdiction, *Chicago, etc., R. Co.* v. *Sturm,* 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144.   If the judgment is valid, there has been a sequestration of the original debt; and if it can be said that the appellant has been compelled to pay the same to a third person, it should now be credited with the payment.

It was declared by Professor Kent that "It has become a settled principle in the English courts, that where a debt has been recovered of a debtor, under the process of foreign attachment, fairly and not collusively, the recovery is a protection to the garnishee against his original creditor, and he may plead it in bar."   2 Kent's Comm., 119.   As said by Shaw, C. J., speaking for the supreme court of

Massachusetts, in the case of *Meriam* v. *Rundlett,* 13 Pick. 511, 515: "He who pays under the judgment of a tribunal having legal jurisdiction to decide, and adequate power over the person or property, to compel obedience to its decisions, has an indisputable claim to protection." As stated by the supreme court of Connecticut: "It was his [the garnishee's] duty to pay it. He had no choice on the subject, and, when paid, he is entitled to the benefit of its being a coercive payment." *Palmer* v. *Woodward,* 28 Conn. 248, 251. In fact, as against a garnishee who has been compelled to pay a debt to another, after full disclosure of the material facts known to him, in compliance with a judgment of a court of competent jurisdiction, we do not think that an authority will be found that denies the garnishee protection. We cite in support of this rule, *Chicago, etc., R. Co.* v. *Sturm, supra; Harmon* v. *Birchard,* 8 Blackf. 418; *Embree* v. *Hanna,* 5 Johns. 101; *Holmes* v. *Remsen,* 4 Johns. Ch. 460, 8 Am. Dec. 581; *Hull* v. *Blake,* 13 Mass. 153; *Wilkinson* v. *Hall,* 6 Gray 568; *Barrow* v. *West,* 23 Pick. 270; *Cottle* v. *American Screw Co.,* 13 R. I. 627; *Taylor* v. *Phelps,* 1 H. & G. (Md.) 492; *Seward* v. *Heflin,* 20 Vt. 144; *Coates* v. *Roberts,* 4 Rawle (Pa.) 100; *Wigwall* v. *Union Coal, etc., Co.,* 37 Iowa 129; *Smith* v. *Dickson,* 58 Iowa 444, 10 N. W. 850; Black, Judg. (2d ed.), §598; Cushing, Trustee Process, 118; McConnell, Trustee Process, §297.

It has been pointed out by Mr. Wade that attachment laws are purely statutory, and so loosely fitted into the general body of the law that it is difficult to formulate rules as to the duty of the garnishee. Wade, Attachment, §398. The governing principle of the garnishee's exemption from a second liability is the injustice of compelling him to pay, at the suit of his creditor, that which a court, having authority so to do, has *compelled* him to pay to another. It is obvious, therefore, that he must act fairly and without collusion. See cases last cited. Where the principal debtor

is not actually in court, and there is reason to suppose that he is not advised of the suit, the garnishee ought at least to answer all facts within his knowledge, that if the court were advised of would presumably lead it to refuse to subject the fund to sequestration. As said in McConnell, Trustee Process, §300, in speaking of the duties of the garnishee, to avoid a charge of laches: "If he could have prevented a judgment from being rendered by appearing, or if, having appeared, he denies a fact he ought to have disclosed, or does not disclose facts he ought to have disclosed, payment by him will be of no avail." But the whole burden of contesting the suit is not cast upon the garnishee. Thus, he is not obliged gratuitously to defend the main action (*Harmon* v. *Birchard, supra; Cottle* v. *American Screw Co., supra*), or to appeal, where a true disclosure has been made. *Cottle* v. *American Screw Co., supra; Webster* v. *City of Lowell*, 2 Allen 123; *Hull* v. *Blake, supra*. It was said in the latter case: "It is true, there are higher tribunals in the state, to which the present defendant might have resorted; but we do not think that he was obliged to do so. It was enough for him to present to the court a true state of his relation to Billings, his creditor: and he might safely acquiesce in the decision of that tribunal, to which the laws of the state had given authority over the subject."

We need not here undertake to state the measure of the garnishee's duty in all cases, but it may be said, so far as the main action is concerned, that where the principal defendant has personal knowledge of the suit the former is not bound in any event to go further than to look to the jurisdiction, act fairly, and make a full disclosure. In *Wigwall* v. *Union Coal, etc., Co.*, 37 Iowa 129, a case much like this, it was said: "The defendant in this case has once paid the amount due plaintiff to a creditor of his, whereby plaintiff has had the full benefit of it. The defendant ought not to be required to pay the amount a second time unless guilty of some negligence or wrong toward plaintiff. The finding

of facts show that the defendant answered truly and fully every known fact, and also stated that the plaintiff herein, its creditor, claimed to be the head of a family, whereby the debt sought to be garnisheed would be exempt. The plaintiff herein was a party to the case, and was fully notified of the garnishment proceedings. It was his duty to furnish defendant the information and means to prove the fact, or himself to prove it. *Walters* v. *Washington Ins. Co.,* 1 Iowa 404; Drake on Attachment, §§717 and 718, and cases cited; *Wood* v. *Partridge,* 11 Mass. 488. The plaintiff having notice of the garnishment proceedings, and being in effect a party thereto, is bound or concluded by the judgment therein as well as the defendant. It was his privilege and duty, if that judgment was erroneous, to have it set aside or appeal from it. He cannot allow it to stand, and at the same time impeach it collaterally. The garnishee having answered truly and fully and in good faith is entitled to protection." See, also, *Webster* v. *City of Lowell,* 2 Allen 123; *Morrison* v. *New Bedford Inst., etc.,* 7 Gray 269; *Boynton* v. *Fly,* 12 Me. 17; *Goddard* v. *Collins,* 25 Vt. 712.

In *Chicago, etc., R. Co.* v. *Meyer,* 117 Ind. 563, 567, where the garnishee procured and filed the affidavit of the principal defendant, stating that the debt was exempt, but where no further steps were taken by way of defense, it was said by this court: "There were no facts found by the trial court which could justify an inference even that at the time of the institution of such proceeding in garnishment, and at all times since, Blazius Meyer was not and had not been a man of sound mind and mature years, and fully capable of interposing or causing to be interposed, at the proper time and place, every defense he had, or thought he had, legal or equitable, to such proceedings. Nor were any facts found by the court which would authorize the conclusion, whether of law or fact, that it was the duty of the defendant or of its attorneys, as such, to make any defense whatever for or on behalf of plaintiff Meyer to the proceeding

in garnishment." As far back as the case of *Harmon* v. *Birchard*, 8 Blackf. 418, 419, this court said: "A garnishee in attachment is not bound to superintend a defense for the principal debtor, and is not answerable for such defects and irregularities in the proceedings as relate only to the mutual rights of the original parties to the attachment suit, but he should know that the proceedings against himself are valid and such as he is legally compelled to obey."

The case of *Terre Haute, etc., R. Co.* v. *Baker*, 122 Ind. 433, rests on the ground that there was a lack of jurisdiction over the *res*, because the claim was exempt from garnishment under the laws of Missouri, where the proceeding was instituted. The failure to make disclosure of such a known defense might, even apart from the matter of jurisdiction, where the principal defendant had no notice, subject the garnishee to such an imputation of fraud or laches that he might be compelled to pay the debt again, but it cannot be held that the existence of the exemption laws of this State could be pleaded. It has often been held that exemption laws relate to the remedy, and have no extraterritorial effect. *Bolton* v. *Pennsylvania Co.*, 88 Pa. St. 261; *Leiber* v. *Union Pac. R. Co.*, 49 Iowa 688; *Mineral Point R. Co.* v. *Barron*, 83 Ill. 365; Wade, Attachment, §§373, 395. This point has been expressly ruled, in a case much like this, by the Supreme Court of the United States. *Chicago, etc., R. Co.* v. *Sturm*, 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144.

In this case appellant caused appellee to be personally notified of the pendency of the suit in Kentucky,—aside from the judicial notice that he received,—and disclosed to the court the nature of the demand, and sought to claim the exemption of appellee under the laws of Indiana.

The burden was on appellee, the judgment being shown to be valid on its face, to show facts that would render it equitable and just to require appellant to pay again. As

declared by Chancellor Kent in *Holmes* v. *Remsen*, 4 Johns. Ch. 460, 467, 8 Am. Dec. 581: "If money be duly attached in the hands of a party, and he has paid it, pursuant to the judgment of a competent foreign court, I am to presume *omnia rite acta;* and it may be laid down as a clear principle of justice, that a person compelled, by a competent jurisdiction, to pay a debt once, shall not be compelled to pay it over again." See, also, *Taylor* v. *Phelps*, 1 H. & G. (Md.) 492. We are not judicially advised as to whether the claim in question was exempt from garnishment in Kentucky. The presumption, in the absence of any showing as to exemption, would be that the common law prevailed there. *Smith* v. *Muncie Nat. Bank,* 29 Ind. 158; *Jackson* v. *Pittsburgh, etc., R. Co.,* 140 Ind. 241, 49 Am. St. 192.

The evidence in this case tends to show that the original creditor violated our statutes in sending the claim without the State for the purpose of garnishment (§§2283, 2284 Burns 1901); but it does not appear that appellant failed to disclose any defense within its knowledge. A wrong has been done the appellee, but its consequences ought not to be visited upon the appellant in the absence of any showing that it was a party to or responsible for such wrong.

Counsel for appellee wholly misapprehend the effect of the fact that appellee obtained a judgment on his claim in this State before judgment was rendered in the Kentucky court. It is to be remembered that the action in Kentucky was commenced, and service was there had upon appellant, before the institution of this suit. To quote from the language of the court in *Embree* v. *Hanna,* 5 Johns. 101, 103: "The attachment of the debt in the hands of the defendant, fixed it there, in favor of the attaching creditors; the defendant could not afterwards lawfully pay it over to the plaintiff. The attaching creditors acquired a *lien* upon the debt, binding upon the defendant; and which the courts of all governments, if they recognize such proceedings at all,

cannot fail to regard. *Qui prior est tempore potior est jure.*" The fact that a judgment was obtained in this State was in no wise inconsistent with, but was based on the fact that the appellant owed the appellee, and that was the basis of the garnishment in Kentucky. The effect of the pendency of said suit merely conferred a privilege upon the appellant to seek a stay of proceedings in this action. *Smith v. Blatchford,* 2 Ind. 184, 52 Am. Dec. 504; Drake, Attachment (6th ed.), §700. See, also, *Nevian v. Poschinger,* 23 Ind. App. 695.

We think it clear that the court below did not give the judgment of the Kentucky court, duly certified as it was, the full faith and credit that it was entitled to under the federal Constitution. *Chicago, etc., R. Co. v. Sturm,* 174 U. S. 710, 19 Sup. Ct. 797, 43 L. Ed. 1144.

A motion has been made to dismiss the appeal in this case, but, in view of the question involved, the motion is overruled.

Judgment reversed, with an instruction to the circuit court to grant appellant's motion for a new trial.