[Civ. No. 6481. First Appellate District, Division Two.—January 11, 1929.]

HENRY EVANS, Appellant, v. BANK OF ITALY (a Corporation), Respondent.

J. E. White for Appellant.

Louis Ferrari and J. J. Posner for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a sum of money theretofore deposited with the defendant. The defendant appeared and answered and a trial was had before the trial court sitting without a jury. The trial court made findings in favor of the defendant, and from a judgment entered thereon the plaintiff has appealed and has brought up the judgment-roll.

The plaintiff makes the contention that on the findings as written the trial court should have ordered judgment for him as prayed. This contention is made because the findings show the following facts: On March 26, 1927, the plaintiff deposited with the defendant in its savings department the sum of $300; on June 30, 1927, interest accrued in the sum of $3; and December 29, 1927, the plaintiff applied to the bank to withdraw therefrom $303, but his application was refused. In reply the defendant calls to our attention that the findings also show the following facts: On the fifth day of August, 1927, an attachment was served on the defendant attaching all moneys due from the defendant to Henry Evans; that thereupon the defendant notified the plaintiff in writing of said service of said writ of attachment and that defendant had debited the plaintiff's account with the amount of said attachment, to wit, the sum of $302, that being the amount of the attachment, interest and costs; that the plaintiff received said notice in writing and failed and neglected to communicate with the defendant or notify this defendant that plaintiff was not the said Henry Evans mentioned in said writ of attachment. On the fifth day of October, 1927, the defendant was served with a writ of execution in the attachment suit. On that date the plaintiff had not notified the defendant that he was not the Henry Evans mentioned in the attachment suit and thereupon defendant paid to the sheriff so levying the writ of execution $302. On the fifteenth day of December, 1927, for the first time, the plaintiff notified the defendant that he was not the Henry Evans defendant in the attachment suit. The trial court also found as a fact that Henry Evans, this plaintiff, is not the Henry Evans named as defendant in the attachment suit. The defendant further calls to our attention that the trial court made a finding to the effect that the defendant was not negligent in doing what it did and that the plaintiff is estopped.

The plaintiff contends that the reply so made by the defendant is insufficient, and he cites and relies on *Janin* v. *London & S. F. Bank,* 92 Cal. 14 [27 Am. St. Rep. 82, 14 L. R. A. 320, 27 Pac. 1100]; *Hatton* v. *Holmes,* 97 Cal. 208 [31 Pac. 1131]; *Los Angeles Inv. Co.* v. *Home Sav. Bank,* 180 Cal. 601 [5 A. L. R. 1193, 182 Pac. 293]; *Union Tool Co.* v. *Farmers etc. Nat. Bank,* 192 Cal. 40 [28 A. L. R. 1417, 218 Pac. 424]. Those cases are not in point. Each involved

a forged instrument. Moreover, in no one of those cases did it appear that when the forged instrument was presented the bank stayed its hand as to payment, personally notified the depositor in writing, and retained the moneys sixty days after the presentation of the forged instrument and before payment. Those authorities, standing alone, are not decisive of the instant case.

▮ The duties and liabilities of a commercial bank and a savings bank are not necessarily the same, and in some respects are different. (*Kelley* v. *Buffalo Sav. Bank*, 180 N. Y. 171 [105 Am. St. Rep. 720, 69 L. R. A. 317, 72 N. E. 995].) A savings bank is bound to exercise ordinary care and diligence only. (7 C. J. 871; *Krishkan* v. *New York Sav. Bank*, 93 Misc. Rep. 52 [156 N. Y. Supp. 298]; *Langdale* v. *Citizens Bank of Savannah*, 121 Ga. 105 [104 Am. St. Rep. 94, 2 Ann. Cas. 257, 69 L. R. A. 341, 344, 48 S. E. 708].) ▮ When the garnishment in the attachment suit was served on the defendant it exercised ordinary care in charging the plaintiff's account with the amount named in the writ, and it exercised ordinary care when immediately thereafter it notified the plaintiff in writing of the service of the writ of attachment. The defendant was not bound to appear in the attachment suit on behalf of this plaintiff. (28 C. J. 275, sec. 386; *Morrison* v. *New Bedford Institution for Savings*, 73 Mass. 269; *Webster* v. *City of Lowell*, 84 Mass. 123; *Chicago etc. R. Co.* v. *Meyer*, 117 Ind. 563 [19 N. E. 320]; *Baltimore & O. S. W. R. Co.* v. *Adams*, 159 Ind. 688 [60 L. R. A. 396, 66 N. E. 43].) In the latter case, at page 398, the court said: ''We need not here undertake to state the measure of the garnishee's duty in all cases, but it may be said, so far as the main action is concerned, that, where the principal defendant has personal knowledge of the suit, the former is not bound to go further than to look to the jurisdiction, act fairly, and make a full disclosure. In *Wigwall* v. *Union Coal & Min. Co.*, 37 Iowa, 130—a case much like this—it was said: 'The defendant in this case has once paid the amount due plaintiff to a creditor of his, whereby plaintiff has had the full benefit of it. The defendant ought not to be required to pay the amount a second time unless guilty of some negligence or wrong toward plaintiff. The finding of facts shows that the defendant answered truly and fully every known fact, and also stated that the plaintiff herein, its creditor, claimed to be the head of a

family, whereby the debt sought to be garnished would be exempt. The plaintiff herein was a party to the case, and was fully notified of the garnishment proceedings. It was his duty to furnish defendant the information and means to prove the fact, or himself to prove it.' '' In the instant case there is no question whatever but what the defendant acted fairly and made a full disclosure. At the time the writ of attachment was served it was not required that the attachment creditor should contemporaneously cause to be served a summons. Therefore there is no question involved, at that stage of the proceedings, of jurisdiction of the persons or jurisdiction of the subject matter. ■ However, the question still remains whether the court in the attachment suit had jurisdiction of the person of the defendant at the time that a final judgment was ordered and execution issued. As to that question the defendant contends that the plaintiff is estopped. The trial court so held. We think it did not err. After the writ of attachment was served and this plaintiff was notified of the service, he stood by in silence for the period of seventy days without advising this defendant that he was not the Henry Evans named as defendant in the attachment suit. In the foregoing facts are found all of the elements of a complete estoppel. (Code Civ. Proc., sec. 1962, subd. 3; *Biddle Boggs* v. *Merced Min. Co.,* 14 Cal. 279.) The plaintiff's attempt to distinguish the facts in the instant case from the rule in the case cited is not sound. He assumes facts not found. He places a duty on the defendant which rested on the plaintiff, as we have shown above.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Koford, P. J., concurred.